# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James Brown,**
**Petitioner**

**FILED**

**January 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 11-1705** (Kanawha County 09-D-2068)

**Jennifer Brown,**
**Respondent**

## MEMORANDUM DECISION

Petitioner James Brown appeals the Circuit Court of Kanawha County's October 31, 2011, "Final Order Denying Petition for Appeal" that affirmed the Family Court of Kanawha County's May 6, 2011 "Final Order Allocating Specific Credit Card Debt and Resolving the Petition for Contempt."[1] Petitioner is represented by James M. Pierson. Respondent, Jennifer Brown, appears pro se in this appeal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

The parties were divorced by family court order entered on April 22, 2010. The family court adopted a property settlement agreement of the parties whereby, in exchange for a waiver of spousal support by Mr. Brown and other consideration, Ms. Brown agreed to assume all debt acquired through the date of the parties' separation, including credit card debt. After the final order was entered, a dispute arose between the parties as to who was responsible for paying a $20,000 cash advance that Mr. Brown had taken from the couple's Chase credit card after Ms. Brown filed the petition for divorce but before the family court ordered Mr. Brown to move out of the marital home. The parties disagree as to whether Ms. Brown was aware of this debt when she entered into the property settlement agreement. On July 22, 2010, Ms. Brown filed a motion for reconsideration of the final divorce order pursuant to West Virginia Code § 51-2A-10 and Rule 25 of the Rules of Practice and Procedure for Family Court. Mr. Brown filed a motion for contempt and, after the family court agreed to reconsider the final divorce order, Mr. Brown filed a "Motion to Vacate Reconsideration Order or in the Alternative, Vacate the Final Order in its Entirety."

---

[1] The circuit court's order incorrectly states that the family court's order was entered on May 11, 2010.

1

Ultimately, the family court ruled in its May 6, 2011, order that Mr. Brown was liable for repayment of the Chase card cash advance because he had failed to disclose it in the course of the divorce proceedings. The circuit court affirmed, and Mr. Brown now appeals to our Court. We apply the following standard of review:

> In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Mr. Brown argues that the lower courts erred in allowing the divorce order to be modified in a collateral attack after the divorce order was final and non-appealable. *See* W.Va. Code § 51-2A-11(a) (specifying a thirty day appeal period for a final order of a family court). He also argues that the circuit court erred in penalizing only him for not disclosing the Chase card debt, when he asserts that Ms. Brown also knew about this debt but failed to include it in her financial disclosure. Finally, he argues that Ms. Brown should not be permitted to parse out this one issue that is unfavorable to her, when the parties negotiated all financial matters in a single agreement and Mr. Brown is prohibited from collaterally challenging aspects unfavorable to him.

After reviewing the parties' arguments and the appendix record, we find no reversible error and affirm. West Virginia Code § 51-2A-10 permits a party to file a motion for reconsideration of a family court order any time up to one year after the order was entered, and Ms. Brown filed her motion within this time period. Ms. Brown initially filed her motion asserting that the parties' date of separation should be corrected in the order. After considering the matter, the family court recognized that the date of separation did not need to be adjusted because there was a different basis for reconsideration and for granting relief. It is undisputed that Mr. Brown incurred this $20,000 debt, yet he failed to list it in his financial disclosures or amend his financial disclosures.[2] West Virginia Code § 48-7-201 requires that in a divorce action "all parties shall fully disclose their assets and liabilities" and that such information "shall be updated on the record to the date of the hearing." West Virginia Code § 48-7-206 provides that "[a]ny failure to timely or accurately disclose financial information" gives the court the discretion to "accept the statement of the other party as accurate." *See also*, Rule 13 of the Rules of Practice and Procedure for Family Court. Because Mr. Brown failed to disclose this debt, we find no error in the lower tribunals' decision to hold him liable for it.[3]

---

[2] Mr. Brown has failed to include the parties' financial disclosures in the appendix record, but he does not dispute that neither party listed the $20,000 cash advance that he took during the pendency of the divorce.

[3] In the May 6, 2011, order, the family court also ruled that Ms. Brown is responsible for paying a Discover card debt, even though she did not list it in her financial disclosures and reportedly had not realized that the debt was still owed. The family court made this decision because Mr. Brown had properly listed it in his financial disclosures.

2

In regard to Mr. Brown's motion to vacate the final order, property settlement agreement, and parenting plan in their entirety, there is simply no basis to grant this request.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  January 14, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II