# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Christina Marie Karawan,**
**Respondent Below, Petitioner**

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0336** (Kanawha County 09-D-1333)

**Henry John Karawan Jr.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christina Karawan, by counsel Charles R. Bailey and Jordan K. Herrick, appeals the Circuit Court of Kanawha County's February 22, 2013, order denying her appeal from the Family Court of Kanawha County. Respondent Henry Karawan Jr., by counsel David Moye, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying her appeal because the family court failed to 1) equitably distribute the proceeds from the sale of a 1970 Chevrolet Chevelle; 2) order respondent to reimburse petitioner for an unpaid portion of the couple's 2008 joint federal and state tax liability; and 3) order respondent to compensate petitioner for repairs to the marital home.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error in regard to petitioner's third assignment of error. However, as more fully explained below, the Court finds prejudicial error in regard to petitioner's first two assignments of error. The Court is of the opinion that the circuit court erred in denying petitioner relief on appeal in regard to the family court's failure to equitably distribute the profits from the Chevelle's sale and failure to order respondent to pay his portion of the 2008 joint tax liability. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and it is appropriate for the Court to issue a memorandum decision rather than an opinion.

In September of 1992, the parties to this appeal were married. During the marriage, in 2004, respondent purchased a 1970 Chevrolet Chevelle. Later, and within the bounds of the marriage, respondent sold the Chevelle in May of 2008, for the sum of $20,500. The parties then separated in December of 2008, with respondent filing for divorce in June of 2009. In September of 2009, the family court entered its Temporary Order Regarding Custody and Child Support. In March of 2010, the family court entered its Bifurcated Divorce Order severing the parties' marriage.

In regard to the marital assets, the family court held a hearing to determine the estate's equitable distribution in June of 2011. On September 21, 2011, the family court entered its Final

1

Order Regarding Equitable Distribution. Thereafter, petitioner filed a motion for new trial or, alternatively, relief from judgment in regard to the family court's final order. The family court denied the motion by order entered in May of 2012. Petitioner appealed to the circuit court and a hearing was held on December 20, 2012. By order entered on February 22, 2013, the circuit court denied petitioner's appeal. It is from this order that petitioner appeals.

We have previously held that

> "[i]n reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Staton v. Staton*, 218 W.Va. 201, 624 S.E.2d 548 (2005). To begin, the Court finds no error in the circuit court denying petitioner's appeal in regard to her request that respondent contribute to repairs to the marital home. Petitioner argues that she is entitled to compensation for repairs to the marital home made after respondent moved out because it is unjust for respondent to share in the home's alleged increased value without contributing to the repair costs. However, the record is clear that the parties agreed upon a fair market value for the home of $220,000 that was based upon an appraisal conducted in October of 2009. Further, the record shows that petitioner was awarded the home and that she was also responsible for "any and all . . . maintenance and repairs theron, holding [respondent] forever harmless for the same."

While petitioner argues that the home had latent defects at the time of the appraisal and that the discovery of such defects following the appraisal required her to expend over $5,000 in repairs to maintain that agreed upon value, the Court finds no error in the circuit court's refusal to order respondent to pay for such repairs. This is based upon the parties' agreement to a fair market value and petitioner's assumption of any repairs or maintenance to the home. For these reasons, we affirm the circuit court's order in regard to petitioner's third assignment of error.

However, in regard to petitioner's first two assignments of error, the Court finds that the circuit court erred in denying petitioner's appeal from family court on these issues. We have previously stated as follows:

> "W. Va.Code, 48–2–1(e)(1) (1986) [W. Va.Code § 48–1–233 (2001) (Repl.Vol.2004)], defining all property acquired during the marriage as marital property except for certain limited categories of property which are considered separate or nonmarital, expresses a marked preference for characterizing the property of the parties to a divorce action as marital property." Syllabus point 3, *Whiting v. Whiting*, 183 W.Va. 451, 396 S.E.2d 413 (1990).

Syl. Pt. 2, *Staton v. Staton*, 218 W.Va. 201, 624 S.E.2d 548 (2005). With that in mind, the Court notes that in the family court, respondent clearly testified that he purchased and sold a 1970

Chevelle within the bounds of the marriage. Respondent's testimony was further clear that after selling the vehicle for the sum of $20,500, he retained the proceeds for himself. This Court has previously declined to classify proceeds from a fraudulent contract claim related to a vehicle as separate property, despite the vehicle having been financed solely by one spouse. *See Miller v. Miller*, 216 W.Va. 720, 613 S.E.2d 87 (2005). As such, it was error for the circuit court to deny petitioner relief on appeal after the family court failed to classify this money as marital property subject to equitable distribution during the divorce proceedings. Therefore, we remand with instructions for the circuit court to order an equitable distribution of the proceeds respondent obtained from the Chevelle's sale.

Finally, the Court finds that the circuit court erred in failing to grant petitioner relief in regard to her assignment of error concerning reimbursement for respondent's unpaid portion of their 2008 joint federal and state tax burden. In fact, respondent concedes that the family court failed to address equitable distribution of this liability, and admits that he still owes petitioner $2,633 toward the same; petitioner agrees this amount is accurate. For these reasons, we remand with direction to order respondent to pay his outstanding portion of the couple's 2008 joint tax liability.

For the foregoing reasons, we affirm the circuit court's February 22, 2013, order denying petitioner's appeal from the family court in regard to the allegation that petitioner is entitled to reimbursement for repairs made to the family home. However, the Court reverses the circuit court's order, in part, and remands with instructions to equitably distribute the proceeds of the 1970 Chevelle's sale and order respondent to pay petitioner his portion of the couple's 2008 joint tax liability.

Affirmed, in part, and reversed and remanded, in part, with directions.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3