# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert C., Jr.,**
**Respondent Below, Petitioner**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0534** (Jefferson County 07-D-3)

**Kimberly C.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert C., Jr., by counsel Kirk Bottner, appeals the order of the Circuit Court of Jefferson County, entered April 30, 2013, that reversed the order of the family court and permitted Respondent Kimberly C. to relocate to Texas with the parties' minor child. Respondent, by counsel Mary Binns-Davis, filed a response to which petitioner replied. The guardian ad litem appointed by the family court on the child's behalf, Christopher Prezioso, also filed an appellate brief which opposed the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on September 13, 2002. At the time of the marriage, petitioner had a son from a prior marriage who was born in 2000. The parties had one child together, a daughter, who was born in 2004. The parties separated in 2006, and were divorced by final order entered December 3, 2007. The divorce was extremely contentious with remarkably high levels of almost constant conflict until September of 2009, when the family court appointed a psychologist to serve as the parties' parenting coordinator. Thereafter, the parties were relatively conflict-free until October of 2011, when respondent told petitioner by e-mail that she planned to move with the parties' daughter to Texas the following year. In response, on November 10, 2011, petitioner filed a motion for expedited modification of custodial allocation on the ground that respondent was not properly caring for the child.

In December of 2011, respondent was terminated from her full-time position with the federal government due to her extended absences caused by a chronic medical condition.

On January 23, 2012, respondent filed a formal notice of intent to relocate with the child to Texas. Respondent claimed the following reasons for the relocation. First, she wished to be near her family who lived in Texas because she needed her mother to care for her and for her

child while she recovered from a relapse of her medical condition. Second, she wanted to assist her mother while her mother was undergoing cancer treatments. Third, she needed to rely on her family's financial assistance, which included residing with her mother, given that she was unemployed.

The family court appointed a guardian ad litem ("GAL") to investigate the matter. In his report to the court, the GAL acknowledged that the respondent exercised a "significant majority" of custodial responsibility for the child and "may have at least one legitimate purpose" for relocating. Nevertheless, the GAL recommended that respondent's petition to relocate be denied primarily because—if the petition was granted—the child would be denied the current level of contact with her father and half-brother.

At the hearing on the parties' motions, respondent testified that, once her health improved, she intended to become a teacher in Texas where she could work without first being certified as a teacher. She also claimed teaching would be less stressful than her previous job with the federal government which was important because stress worsened her medical condition.

By order entered January 23, 2012, the family court found that respondent exercised a "significant majority" (73%) of the custodial responsibilities for the parties' daughter. Nevertheless, the family court denied respondent's motion to relocate for the following reasons. First, the family court found that respondent's primary motive for relocating to Texas was to avoid the conflict that existed between the parties which, pursuant to West Virginia Code § 48-9-403, was not a valid reason for relocation. Second, the family court found that although respondent's relationship with her mother was "important," it was "not that significant" because respondent had voluntarily lived apart from her mother for twelve years. Therefore, respondent's relationship with her mother was not sufficient to justify a relocation. Third, the family court found that respondent's undisputed medical condition, which caused her to be hospitalized at least once a year, would be the same no matter where she lived. Fourth, the family court found that respondent's network of friends in West Virginia had supported her financially and helped with her child in the past. Fifth, the family court found that respondent's goals for relocating could be substantially achieved in West Virginia.

Respondent appealed the family court's order to the circuit court on February 22, 2013. On April 30, 2013, the circuit court reversed the family court and granted respondent's motion to relocate. Petitioner now appeals the circuit court's order.[1]

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

---

[1]On August 6, 2013, this Court denied petitioner's July 18, 2013, motion to stay the circuit court's order during the pendency of this appeal.

We addressed many of the issues raised herein in the seminal case of *Storrie v. Simmons*, 225 W.Va. 317, 693 S.E.2d 70 (2010), in which we discussed at length the application of West Virginia Code § 48-9-403(d). That Code section addresses a parent's petition to relocate with a minor child which, if granted, will affect the other parent's percentage of custodial responsibility for the child. Given the distance between West Virginia and Texas, the case sub judice is such a case. West Virginia Code § 48-9-403(d)(1) provides that

> [a] parent who has been exercising a significant majority of the custodial responsibility for the child should be allowed to relocate with the child so long as that parent shows that the relocation is in good faith for a legitimate purpose and to a location that is reasonable in light of the purpose. The percentage of custodial responsibility that constitutes a significant majority of custodial responsibility is seventy percent or more. A relocation is for a legitimate purpose if it is to be close to significant family or other support networks, for significant health reasons . . . [or] to pursue a significant employment or educational opportunity . . . . The relocating parent has the burden of proving of the legitimacy of any other purpose. A move with a legitimate purpose is reasonable unless its purpose is shown to be substantially achievable without moving or by moving to a location that is substantially less disruptive of the other parent's relationship to the child.

We said in *Storrie* that, pursuant to § 48-9-403(d)(1), a court ruling on a motion to relocate must first determine which parent has the significant majority of custodial responsibility. 225 W.Va. 76, 693 S.E.2d 323. In this case, petitioner does not contest the finding that respondent has the "significant majority" or 73% of the custodial responsibility for the parties' child pursuant to West Virginia Code § 48-9-403(d)(1), which defines a "significant majority" as "seventy percent or more" of the custodial responsibility for the subject child. Therefore, we need not decide this threshold issue.

Turning now to petitioner's first assignment of error, petitioner argues that the circuit court erred in finding that respondent's relationship with her mother was sufficient to establish a legitimate purpose for relocation.

On appeal, the circuit court questioned the family court's finding that respondent's relationship with her mother was not significant simply because respondent had not recently resided with her mother. Next, the circuit court reasoned that, even if the mother/daughter relationship was "not that significant," it qualified as a "support network" which, pursuant to § 48-9-403(d)(1), provides a legitimate reason for relocation. The circuit court also found that respondent needed such a support network because of her "significant health problems" which, pursuant § 48-9-403(d)(1), was a second legitimate reason to relocate. Lastly, the circuit court found that the evidence showed that respondent sought to relocate to pursue a significant employment opportunity, which was a third legitimate reason to relocate under § 48-9-403(d)(1). Based on these findings, we cannot say that the circuit court abused its discretion in concluding that respondent provided legitimate reasons to relocate, even if respondent's relationship with her mother was "not that significant."

3

Petitioner's second assignment of error is that the circuit erred in failing to recognize that he had adequately rebutted respondent's reasons to relocate. However, for the reasons discussed above, we find that the circuit court did not so err.

Petitioner next argues that the circuit court erred in rejecting the family court's conclusion that respondent's primary motive for relocating to Texas was to avoid the high level of conflict between the parties. Petitioner highlights that, during the pendency of this case, the family court, the circuit court, the parties' parenting coordinator, and the GAL have all commented on the "shocking" levels of conflict between the parties. Petitioner claims that these comments support the family court's finding that the primary factor driving the respondent's petition to relocate was her desire to avoid the conflict between the parties.

The record on appeal reveals that neither the parties' parenting coordinator, nor the GAL, opined that respondent's reason for relocating was to avoid the conflict between the parties. Further, at the hearing on the matter, the parties' parenting coordinator testified that the level of conflict between the parties had "dramatically" and "markedly" decreased following his appointment to the case in 2009. Additionally, the GAL's report regarding respondent's motion to relocate stated that respondent had at least one legitimate purpose to relocate; that respondent's primary reason to relocate was to be close to her family; and that respondent has no family in West Virginia. Based on this record, we cannot say that the circuit court erred in finding that the record did not support the family court's conclusion that respondent was relocating to avoid conflict with petitioner.

Petitioner's fourth assignment of error is that the circuit court erred in failing to remand the case to the family court for further evidentiary hearings to determine the best interests of the child.

West Virginia Code § 48-9-403 imposes no requirement on a circuit court to remand such a case to the family court for a hearing to determine the best interests of the relocating child. In fact, such a requirement would enable the non-relocating parent to relitigate the very issue decided by the circuit court. As such, we find that the circuit court did not abuse it discretion.[2]

Petitioner's fifth assignment of error is that the circuit court erred in failing to defer to the facts found by the family court because the family court had the opportunity to view the demeanor of the parties since the inception of the case in 2006.

We first note that, in the order on appeal, the circuit court stated that it had reviewed the entire video/audio recording of the hearing held on respondent's motion to relocate. Therefore, as a practical matter, the circuit court was able to view the demeanor of the parties at this critical hearing. That said, even if the circuit court had not been able to view the parties' demeanor, the standard of review that applies to the circuit court's review of a family court order takes into consideration the family court's ability to view the parties' demeanor. That standard, found at West Virginia Code § 51-2A-14(c), provides that a circuit court may disturb a decision of a

---

[2]The circuit court appropriately remanded the case to the family court with instructions to modify the parties' parenting plan to comport with the child's relocation to Texas.

4

family court only where the family court has clearly erred in its findings of fact, or abused its discretion in applying the law to the facts. The circuit court highlighted this standard of review on the first page of the order on appeal.

Finally, petitioner argues that the circuit court erred in denying his motion to dismiss respondent's appeal to the circuit court because respondent failed to timely serve the GAL with a copy of her petition for appeal. Petitioner highlights that Rule 28(d) of the West Virginia Rules of Practice and Procedure for Family Court provides as follows, "[t]he petition for appeal and memorandum of law, if any, shall be served in accordance with Rule 5 of the Rules of Civil Procedure." Rule 5(a) of the Rules of Civil Procedure states that, ". . . every pleading subsequent to the original complaint . . . shall be served upon each of the parties. For purposes of this rule, guardians ad litem are considered parties . . . ."

The circuit court denied petitioner's motion to dismiss respondent's appeal on the ground that petitioner "had no standing or interest in enforcing procedural rules as they apply to other parties[,]" such as the GAL. We concur with that finding. Further, although respondent's counsel did fail to timely serve the GAL, petitioner does not deny that the error was quickly discovered and rectified. Finally, nothing in the record indicates that the delay in notifying the GAL of respondent's appeal prejudiced the parties in any manner. Therefore, we cannot say that the circuit court erred in denying petitioner's motion to dismiss respondent's appeal to the circuit court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Brent D. Benjamin