607 S.E.2d 803

**George E. CARR, Sr., Plaintiff Below, Appellant,**

v.

**Dottie L. (Carr) HANCOCK, Defendant Below, Appellee.**

**No. 31752.**

Supreme Court of Appeals of West Virginia.

Submitted: Sept. 28, 2004.

Filed: Dec. 3, 2004.

Beverly S. Selby, Esq., Charleston, for the Appellant.

Arden J. Curry, Esq., Pauley, Curry, Sturgeon & Vanderford, PLLC, Charleston, for the Appellee.

STARCHER, J.

In this appeal from the Circuit Court of Kanawha County, we are asked by the appellant to review a family court's order in a divorce action that distributes certain marital property of the parties, which requires the appellant to pay spousal support to the appellee, and which requires the appellant to pay a portion of the appellee's attorney's fees. The circuit court refused to consider a petition to review the family court's order.

After careful consideration of the court record, the briefs and arguments of the par-

ties, and all relevant statutory and case law, we affirm the family court's order.

## I.

### Facts & Background

The appellant, George E. Carr, and the appellee, Dottie Hancock, were married in September 1992. Prior to the marriage, on September 16, 1992, the parties—who were middle-aged, had been married before, and who owned and operated modest businesses (Mr. Carr, a driveway construction business, Ms. Hancock, a floral shop)—entered into an antenuptial agreement intending to preserve their real and personal property owned prior to the marriage as separate property during the marriage. The 1992 agreement noted that each party had "personal or real property or both, in his or her own name," and stated that after the marriage, each party could continue to "own, operate, manage, sell, mortgage or otherwise dispose of their own property . . . as though they were not married." The agreement did not identify, list or describe any of the parties' property.

The parties separated on May 1, 1999, and the appellant filed an action seeking a divorce. The parties were later granted a divorce based upon irreconcilable differences. Several hearings were held before the family court concerning the equitable distribution of the parties' marital property, and a final order was entered on June 3, 2003.

The appellant petitioned the circuit court to review the family court's order; on July 24, 2003, the circuit court entered a one-page order refusing the appeal.

The appellant now appeals seeking a review of the family court's June 3, 2003 order.

## II.

### Standard of Review

We held in Syllabus Point 1 of *May v. May*, 214 W.Va. 394, 589 S.E.2d 536 (2003) that, "[i]n reviewing a final order of a family court judge that is appealed directly to this Court, we review findings of fact by a family court judge under the clearly erroneous standard, and the application of law to the facts

under an abuse of discretion standard. We review questions of law *de novo*."

■ This Court's standard of review for an appeal from a circuit court that reviewed a family court's final order, or refused to consider a petition for appeal to review a family court's final order, is the same. In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*. See *W.Va.Code*, 51–2A–15(b) [2001].

### III.

### *Discussion*

The primary assignments of error in the instant case dispute rulings by the family court concerning the distribution of certain property owned by the parties, and the family court's decision to award spousal support and attorney's fees to the appellee.

■ The appellant's first assignment of error, however, concerns the quality of the record. The appellant asserts that testimony was given by witnesses over four different days spread out over a five-month period between February and July 2002, but the final order was not entered until June 2003. When the appellant prepared his petition for appeal to this Court, he discovered that tape recordings of portions of these hearings were blank, incomplete or missing. The appellant asserts that the entire case should be remanded to the family court for the development of a complete review record. We disagree.

We are certainly troubled by the poor quality of the record in the instant case. Still, as we have previously noted,

It is the duty of a circuit clerk to maintain the completeness and integrity of items in the court file.[1] . . . However, we believe it is the duty of the litigants to insure that all of the proper documents find their way into the court file. . . . [W]e feel the parties must bear the burden of creating a clear, concise record for future review. Otherwise, future courts may issue confusing and conflicting rulings, creating frustration for the parties and leading to more appeals.

*Porter v. Bego*, 200 W.Va. 168, 170 n. 2, 488 S.E.2d 443, 445 n. 2 (1997) (footnote added). The litigants, particularly in a domestic relations action that is likely to be the subject of future hearings, bear the burden of creating a clear, concise record for future review. In the instant case, the appellant could even have elected to use the provisions of Rule 4A of the *Rules of Appellate Procedure*, which states, in pertinent part:

In lieu of filing all or part of the transcript of testimony, the petitioner shall set out in the petition a statement of all facts pertinent to the issues he raises. The petition shall include a certificate by the petitioner's attorney that the facts alleged are faithfully presented and that they are accurately presented to the best of his ability.

The appellant did not follow this route, and does not explain the necessity for the missing record in relation to his other points of error. We therefore decline to remand this case for additional hearings. We now turn to the substantive issues raised by the appellant.

■ The first issue raised by the appellant concerns the distribution of certain property of the parties. The appellant contends that the family court erred in distributing certain real and personal property acquired by the appellant after the marriage, and that the family court could only have done so by ignoring the clear language of the antenup-

---

1. We recognize, however, the tenets of *W.Va. Code*, 51–2A–8(c) and (d) [2001], which states that electronic recordings of hearings shall be "securely preserved by the secretary-clerk of the family court judge and shall not be placed in the case file in the office of the circuit clerk[.]" However, the statute goes on to state that, at the request of the family court judge, the circuit clerk must take custody of and store the electronic recording media. These electronic recordings or any transcripts made of the hearings, exhibits, and all other documents "constitute the exclusive record" of the case.

 

tial agreement. The appellee, on the other hand, asserts that the antenuptial agreement makes no mention of property acquired during the marriage, but rather applies only to the property the parties brought into the marriage. We agree.

■ Prenuptial agreements that establish property settlements and support obligations at the time of divorce are presumptively valid. Syllabus Point 1, *Gant v. Gant*, 174 W.Va. 740, 329 S.E.2d 106 (1985). The agreement at issue in the instant case plainly attempts to protect the parties' individual ownership interests in the properties they owned prior to their marriage. Our review of the record indicates that the family court's order reflects the parties' antenuptial agreement, as is evidenced by the fact that the appellant was awarded all of the equipment related to his driveway construction business—including equipment purchased at the time of the marriage as well as equipment purchased after the marriage.

However, as to property individually acquired by the parties after their marriage, the family court determined the property was marital in character and subject to equitable distribution. We find no error in this determination, or in the manner chosen by the family court to distribute the property.

■ The appellant also challenges the family court's decision to award rehabilitative spousal support and attorney's fees to the appellee. The family court's spousal support decision was based upon the determination that the appellee had abandoned her own business after the marriage and had worked without compensation to promote the appellant's driveway construction business. Further, because of the disparity between the parties' incomes, the family court required the appellant to pay up to $2,500.00 toward the appellee's attorney's fees.

After a review of the parties' briefs and the information contained in the record, we cannot say that the family court abused its discretion on these matters. The record supports the family court's finding that the appellee was, as a result of the marital separation, unemployed and lacking in any sources of income. The award of spousal support and attorney's fees was therefore not in error.

### IV.

#### *Conclusion*

The family court's order of June 3, 2003, and the circuit court's order of July 24, 2003, refusing to review the order, are affirmed.

Affirmed.