## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: The Marriage/Children of**
**John L., Respondent Below, Petitioner**

**vs)   No. 14-0284** (Berkeley County 03-D-512)

**Sue G., Petitioner Below, Respondent**

**FILED**

November 25, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John L.,[1] appearing *pro se*, appeals the order of the Circuit Court of Berkeley County, entered February 18, 2014, that granted, in part, and denied, in part, his appeal from the December 4, 2013, order of the Family Court of Berkeley County. In its December 4, 2013, order, the family court reduced petitioner's parenting time and increased his child support obligation. Respondent Bureau of Child Support Enforcement, by counsel Kimberly D. Bentley, filed a response.[2] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and Respondent Sue G. have one child together, B.D.L., born May 8, 2003. Previously, petitioner had parenting time with B.D.L. on a schedule of alternate weeks from Friday to Tuesday with alternate Tuesday overnights.[3] Petitioner's child support obligation was set at $109.00 per month.

Sue G. filed a petition to modify petitioner's parenting time and support obligation. At the initial hearing on September 26, 2013, Sue G. moved the family court to appoint a guardian ad litem ("GAL") to represent B.D.L.'s interests. The family court granted the motion finding that

---

[1] Because this case involves sensitive facts, we protect the identities of those involved by using the parties' first names and last initials, and identify the child by using her initials only. *See State ex rel. W.Va. Dept. of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] Respondent Sue G. did not file a response.

[3] The authority to make major decisions with regard to B.D.L. belonged solely to Sue G., and Sue G. has retained sole authority under the new parenting schedule.

"[t]he appointment of a [GAL] is extremely helpful when the Court is faced with self-representing litigants." As part of her investigation, the GAL interviewed both B.D.L. and Sue G. Petitioner cancelled his appointment with the GAL stating that he cannot afford his share of the GAL's fee and that "[i]t would be morally wrong for me to be forced to expend money for your services based solely on lies offered to [the family court]." However, the family court found that its case coordinator wrote to petitioner on October 29, 2013, explaining to petitioner how to apply for a fee waiver.[4] The GAL filed her report on December 3, 2013, when the family court held the final hearing. At the final hearing, the family court heard testimony from the parties and the GAL, and petitioner also presented the testimony of two of his neighbors, who testified that he was a good father and that B.D.L. enjoyed spending time with him.

Following the final hearing, the family court found that there had been a substantial change of circumstances, as follows: (1) petitioner's behavior has become increasingly combative and confrontational; (2) petitioner refused to cooperate with the GAL; (3) petitioner has harassed B.D.L.'s babysitter; (4) petitioner has involved the police in custodial matters; and (5) petitioner was overheard screaming at B.D.L., which caused a bystander to call the police. The family court further found that "[B.D.L.] has become increasingly stressed and unhappy with the time she spends with her father" and that "[B.D.L.] begged her mother to file the modification request." The family court found credible Sue G.'s testimony that "she did not really want to file a modification and did so only at her daughter's request."[5] Accordingly, the family court granted respondent's request for modification and changed petitioner's parenting time to every Wednesday, after school, to Friday morning, "and at all other reasonable and convenient times as the parties may agree," beginning December 11, 2013.[6] Consistent with petitioner having less parenting time, the family court increased his child support obligation to $224.00 per month "beginning January 1, 2014." In adjusting petitioner's support obligation, the family court attributed minimum wage to both petitioner and Sue G. The family court rejected petitioner's claim that he was unable to work finding that he provided "no proof" of his disability.

Petitioner appealed the family court's December 5, 2013, order. The circuit court affirmed the family court's order, in pertinent part, and remanded the case to the family court only for the limited purposes of (1) clarifying its findings with regard to a substantial change in circumstances and (2) providing petitioner with a sufficient opportunity to cross examine the GAL and raise objections to her report.[7] Following a remand hearing on April 3, 2014, at which the GAL

---

[4] Petitioner alleges that the case coordinator did not mail the letter to him until later in November of 2013. But, even if that is true, the letter was mailed to petitioner over two weeks before the GAL filed her report with the family court.

[5] Certain of the family court's findings are taken from its April 4, 2014, order that clarified and supplemented the findings found in its original December 5, 2014, order. *See* infra.

[6] The new parenting schedule reflected B.D.L.'s wishes as reported by the GAL.

[7] After viewing the recording of the December 3, 2013, final hearing, we find that petitioner had an opportunity to cross examine the GAL and raise objections at that time. However,

provided additional testimony, the family court clarified and supplemented its findings in an April 4, 2014, order.[8]

Petitioner now appeals the family court's decision to reduce petitioner's parenting time and increase his child support obligation. We review the family court's decision under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Modification of Parenting Time

Petitioner argues that the family court clearly erred in finding a substantial change of circumstances because B.D.L. had been coached by Sue G. into telling the GAL that she wanted less time with petitioner.[9] In the family court, Sue G. countered that when in petitioner's custody, B.D.L. tells petitioner things he wants to hear because (1) B.D.L. desires to placate him for fear of petitioner's verbal wrath; or (2) petitioner coerces B.D.L. into telling him what he wants to hear.

Petitioner disputed that he coerces B.D.L. or that B.D.L. placates him out of fear. However, the family count found that Sue G. was the more credible parent. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). Thus, we do not disturb the family court's determination that Sue G. provided the more credible testimony. In addition, after viewing the recordings of the September 26, 2013, initial hearing, the December 3, 2013 final hearing, and the April 3, 2014, remand hearing, we find that the family court correctly determined that petitioner is becoming more combative and confrontational, which

---

because the GAL's report was filed late—the GAL delayed the filing of her report to give petitioner time to participate—it was appropriate that petitioner had the additional opportunity for cross examination at the April 3, 2014, remand hearing. Given that the family court's April 4, 2014, order clarified and supplemented its December 5, 2013, order that is currently on appeal, we determine that the findings made in the April 4, 2014, order are extensions of the family court's findings made in the original order. Accordingly, the findings made in the April 4, 2014, order have been considered as part of this appeal.

[8] Petitioner's separate appeal of the family court's April 4, 2014, order was dismissed by the circuit court for a failure to serve his appeal on the BCSE and the GAL. Petitioner has not appealed the circuit court's June 11, 2014, dismissal order.

[9] The BSCE takes no position on the modification of parenting time.

increases B.D.L.'s stress and unhappiness.[10] Therefore, we determine that the family court did not clearly err in finding that there has been a substantial change in circumstances.

Pursuant to West Virginia Code § 48-9-401(a), "a court shall modify a parenting plan order if it finds . . . that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child." Because a substantial change in circumstances occurred and a modification served BD.L.'s best interests, we conclude that the family court did not abuse its discretion in granting Sue G.'s request for modification to reduce petitioner's parenting time with B.D.L.[11]

### Modification of Child Support

Because petitioner's parenting time was reduced, the appropriate child support worksheet changed from Worksheet B to Worksheet A. Under Worksheet A, petitioner's child support obligation increased to $224.00 per month, which differed more than 15% from his previous support obligation of $109.00 per month. That large of a difference constituted a substantial change in circumstances for child support purposes. *See* W.Va. Code § 48-11-105(b). However, on appeal, petitioner makes two factual allegations with regard to the family court's attribution of income to him, as follows: (1) the family court erred in including in petitioner's income proceeds from sales of certain items on EBay; and (2) the family court erred in not finding that petitioner was disabled from employment. The BCSE counters that (1) while evidence was heard about petitioner's EBay sales, the family court decided to attribute minimum wage income to petitioner because he is unemployed and offered no proof of disability; and (2) while petitioner now has a doctor's letter that he has physical impairment in his knees, the letter was submitted late and contains no statement that petitioner is disabled from employment. We agree. Given the deferential standard of review, we find that the family court did not clearly err in attributing minimum wage income to petitioner. Therefore, we conclude that the family court did not abuse its discretion in increasing petitioner's child support obligation to $224.00 per month.[12]

---

[10] Petitioner argues that B.D.L's wishes should not have been given significant weight by the family court because B.D.L. is not yet fourteen years old. However, even when a child has not reached the age when she may nominate her guardian, "[her] age and maturity level should be considered, and [her] desires concerning visitation . . . must be examined." *State ex rel. Jeanne U. v. Canady*, 210 W.Va. 88, 96-97, 554 S.E.2d 121, 129-30 (2001). The family court found that petitioner's own witnesses testified that B.D.L. was a "mature and truthful child." Therefore, we find that the family court gave B.D.L.'s wishes appropriate weight.

[11] Petitioner also argues that the location of custody transfers should be changed so that it is closer to his residence. In the family court, Sue G. countered that petitioner's argument could be reduced to a desire on petitioner's part for Sue G. to provide him gas money. We agree and find that the family court did not abuse its discretion in declining to modify the location of custody transfers.

[12] Petitioner notes that on the child support work sheet, the family court mistakenly wrote January 1, 2013. The BCSE counters that the record is clear that petitioner's new child support

4

For the foregoing reasons, we affirm the circuit court's February 18, 2014, order that, in pertinent part, affirmed the family court's December 4, 2013, order that reduced petitioner's parenting time and increased his child support obligation.

Affirmed.

**ISSUED**: November 25, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

obligation began on January 1, 2014. We agree and find that petitioner's assignment of error with regard to the date when his new support obligation began has no merit.