# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Paul Krolick, Petitioner Below,**
**Petitioner**

**vs)  No. 15-0312** (Ritchie County 12-D-21)

**Joanna (Krolick) Cook, Respondent Below,**
**Respondent**

**FILED**

January 11, 2016
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Paul Krolick, by counsel Chad E. Crumbaker, appeals the Circuit Court of Ritchie County's March 2, 2015, order denying his petition for appeal from the family court.[1] Respondent Joanna Cook, by counsel John M. Butler, filed a response. On appeal, petitioner argues that the circuit court erred in denying his appeal upon an erroneous finding that the family court had subject matter jurisdiction over the parties when the divorce action commenced, that his motion for continuance should have been granted, and that his voluntary dismissal should have been accepted.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2006, the parties were married in Ritchie County, West Virginia. One child was born of the marriage. In March of 2012, petitioner initiated divorce proceedings in Ritchie County, West Virginia, and both parties admitted that irreconcilable differences existed. After hearing the parties' testimony, the family court found that irreconcilable differences existed between the parties and dissolved the marriage. The family court's "Final Divorce Order" was then entered on April 29, 2013. According to the record, petitioner failed to timely appeal this order to the circuit court.

In June of 2014, petitioner filed a motion for relief from judgement in family court pursuant to Rule 60 of the West Virginia Rules of Civil Procedure and sought to void the family court's "Final Divorce Order." Petitioner argued that the family court lacked subject matter jurisdiction over the parties and that the final divorce order was void because the parties were not bona fide residents of West Virginia when petitioner filed the petition for divorce.

---

[1]The Court notes that respondent has adopted a new last name following the divorce proceedings below. As such, the style of the proceedings in this Court reflects that change.

1

In October of 2014, petitioner filed a motion to continue the October 16, 2014 hearing, citing his difficulty in retaining an attorney and other financial problems. Petitioner also requested that the family court dismiss his motion for relief from judgement if the hearing was not continued. Petitioner did not appear for the hearing on his motion. Respondent did appear. The family court proceeded with the hearing but made no rulings regarding petitioner's motion for continuance or his request for voluntary dismissal. The family court found that petitioner alleged in his verified divorce petition that he was a bona fide resident of Ritchie County, West Virginia, and dismissed petitioner's Rule 60 motion by order dated December 23, 2014. Thereafter, petitioner appealed the final divorce order to the circuit court.

By order entered on March 2, 2015, the circuit court refused petitioner's appeal, noting that the appeal was not timely filed. However, the circuit court also addressed the merits of petitioner's appeal and refused the same on each of the three grounds raised on appeal. Petitioner now appeals from this order.

On appeal to this Court, petitioner argues (1) that the circuit court erred in finding that the family court had subject matter jurisdiction over the parties when the divorce action commenced; (2) that his motion for continuance should have been granted; (3) and that his voluntary dismissal should have been accepted.

We have previously established the following standard of review:

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court as to petitioner's assignments of error. Our review of the record supports the circuit court's decision to deny petitioner's appeal because the family court found that petitioner was a bona fide resident of Ritchie County, West Virginia, as petitioner asserted throughout the pendency of the divorce proceedings. Additionally, the circuit noted that the other grounds petitioner raised dealt with the discretion of the family court.[2] As such, the circuit court correctly found the family court made no clearly erroneous findings of fact nor abused its discretion in applying the law to the facts at hand. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the

---

[2]The circuit court also noted that petitioner's appeal was not timely filed pursuant to West Virginia Code § 51-2A-11 and Rule 28 of the Rules of Practice and Procedure for Family Courts, stating that appeals of family court orders are required to be filed no later than thirty days following the entry of the appealable order. The parties' final divorce order was entered on April 29, 2013, and petitioner did not file his appeal with the circuit court until January 26, 2015, clearly making his appeal untimely.

assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's March 2, 2015, "Order" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 11, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

## IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA

In re the Marriage of:                              CASE NO.  12-D-21

PAUL A. KROLICK,

      Petitioner,

And

JOANNA L. COOK,

Formerly JOANNA L. KROLICK,

      Respondent.


## ORDER

Pending before the Circuit Court of Ritchie County is a Petition for Appeal filed on the 26th day of January, 2015, by the Petitioner Paul A. Krolick ("Mr. Krolick") through his counsel, Chad E. Drumbaker.  Mr. Krolick is appealing an Order entered the 24th day of December, 2014, and his appeal was therefore not timely, in accordance with West Virginia law.  W. Va. Code § 51-2A-11 (a).  Despite the fact that this Appeal was not timely filed, and no good cause has been demonstrated for the tardiness of the Appeal, the Court will nonetheless address the merits of Respondent's argument.

The Respondent, Joanna L. Cook ("Ms. Cook") timely filed a *pro se* response on the 5th day of February 2015.  W.Va. Code §51-2A-11(d).

1

Mr. Krolick raised three (3) grounds in his appeal, they are: (1) the Motion for a continuance filed by the Petitioner should have been granted. (2) Petitioner's Voluntary Dismissal should have been accepted and the Motion for Relief should have been granted without prejudice. (3) The sole substantive issue before the Family Court was whether either party was a "bona fide resident" of West Virginia when the divorce action commenced.

The Court will address the third ground first, as it is the lone substantive issue before the Court. Mr. Krolick first raised the issue of not being a West Virginia resident on the 24th day of June, 2014, in an affidavit he filed stating that neither he nor his wife was a resident of Ritchie County, West Virginia, at the time the divorce Petition commenced. He asserted at that time that the Divorce Degree was therefore void as the Family Court had no subject matter jurisdiction to rule in the divorce. At the hearing upon Mr. Krolick's Motion for Relief From Judgment, he did not appear. The Family Court made Findings at that hearing and held, "in [Mr. Krolick's] verified Petition for Divorce in the above-referenced civil action, the Petitioner alleged that he was a *bona fide* resident to Ritchie County, West Virginia." In Ms. Cook's verified Answer and Counter-Petition for Divorce, she admitted that both she and the Petitioner were bona fide residents of Ritchie County, West

2

Virginia. In Civil Action No. 13-C-90, filed in the Circuit Court of Wood County, West Virginia, the Petitioner alleged that he was a *bona fide* resident of Ritchie County, West Virginia. At their contested final divorce hearing, both the Petitioner and Respondent testified under oath, that they were *bona fide* residents of Ritchie County, West Virginia.

The Family Court found, after ample evidence, that Mr. Krolick was indeed, a bona fide resident of Ritchie County, West Virginia, as asserted by Mr. Krolick throughout the pendency of the divorce proceedings.

The Family Court ordered Mr. Krolick to pay eight hundred dollars ($800.00) to Ms. Cook as a contribution for her attorney fees in defending the Motion for Relief From Judgment. If that amount has not already been tendered, it should be given to Ms. Cook for reimbursement of her attorney fees, as ordered by the Family Court Judge.

The first ground Mr. Krolick raised has to do with the discretion of the Family Court Judge on granting or denying Motions to Continue. The Circuit Court declines to micro-manage Judge Whited's calendar. The onus on when to grant or deny Motions to Continue and how to manage his docket are solely left to the discretion of the Family Court Judge.

The second ground raised by Mr. Krolick is that the Family Court Judge should have dismissed his Motion without prejudice.

3

Again, that is a matter left to the sole discretion of the Family Court Judge.

After reviewing the Final Order as entered by the Family Court the Circuit Court declines to grant Mr. Krolick's appeal. The Court finds the Family Court has neither made any clearly erroneous findings of fact nor has it abused its discretion in the application of law to those facts. W. Va. Code §51-2A-14(c).

This is a Final Order disposing of the Appeal. A Petition for Appeal from this Order, made within the requisite time constraints, may be made to the West Virginia Supreme Court if so desired.

The Clerk of this Court is **ORDERED** to submit a true copy to: **PAUL A. KROLICK**, through his counsel, Chad E. Crumbaker, 5200 Emerson Ave., Parkersburg, WV 26104; **JOANNA L. COOK**, *pro se*, 715 Fox Avenue, Harrisville, WV 26362; and the **HONORABLE JUDGE LARRY WHITED**.

ENTERED: 3/2/15

_____
TIMOTHY L. SWEENEY, THIRD CIRCUIT JUDGE

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office. Attest: Rose Ellen Cox Ritchie County of West Virginia ENTERED ON 03/06/2015

Circuit Clerk