# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In re the marriage/children of:**

**W. Shane H.,**
**Petitioner Below, Petitioner**

**vs) No. 16-0729** (Kanawha County 12-D-714)

**Heather H.,**
**Respondent Below, Respondent**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner W. Shane H., by counsel Tim C. Carrico, appeals the Circuit Court of Kanawha County's June 23, 2016, order affirming the Family Court of Kanawha County's denial of his request to modify his parenting time.[1] Respondent Heather H., by counsel Mark A. Swartz and Mary Jo Swartz, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the family court erred in determining that the parties had reached a permanent parenting agreement, that the courts below erred in not properly allocating custody, and that the lower courts erred in concluding that a substantial change in circumstances did not exist to warrant modification of the parties' parenting plan.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 26, 1993, the parties were married. They had two children, E.H. and K.H. On March 19, 2012, the parties legally separated, and on April 26, 2012, petitioner filed for divorce. On July 3, 2012, the family court entered an "Agreed Temporary Order," which ordered that the parties "shall parent their children on a temporary basis in accord with [petitioner]'s Parenting Plan as adopted and modified by [respondent]'s Plan." Petitioner's parenting plan stated that he "shall receive at a minimum shared parenting time with the children every other weekend from

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

Friday through Sunday and one evening each week." The modifications made by respondent's plan dealt with the division of holiday time. Both petitioner's and respondent's parenting plans indicated that each was proposed for temporary and permanent use. On July 18, 2013, the "Final Order of Divorce" was entered, and it incorporated the parenting plan described above.

On December 17, 2013, the family court granted petitioner's motion for reconsideration of the July 18, 2013, "Final Order of Divorce" as to equitable distribution. The "Final Order of Divorce" was vacated, and the July 3, 2012, "Agreed Temporary Order" was reinstated pending final resolution of the equitable distribution issue. The family court, by later order, advised the parties that the "Final Order of Divorce" had been vacated in its entirety, not just as to the equitable distribution issue. It also confirmed reinstatement of the July 3, 2012, "Agreed Temporary Order." Thereafter, petitioner moved the family court to adopt a new parenting plan for temporary and final orders. The new parenting plan proposed additional time for petitioner. The family court held a hearing on petitioner's motion and found that "pursuant to *West Virginia Code* §48-9-203 the Petitioner has failed to meet the burden necessary to modify a temporary order herein." The family court directed that the "Agreed Temporary Order" remain in effect. A guardian ad litem was appointed, and an evidentiary hearing was held due to the parties' disagreement over the shared parenting schedules. Following the evidentiary hearing, the family court denied petitioner's request to increase his parenting time, and he appealed that decision to the circuit court.

On appeal to the circuit court, petitioner argued that the family court erred in determining that the parties agreed to the parenting plan under which they had been operating for the past several years. Petitioner argued that the family court should have, instead, analyzed the factors outlined in West Virginia Code § 48-9-206, which addresses the allocation of custodial responsibility where not otherwise resolved by agreement of the parents. Petitioner also argued that the family court erred in concluding that he failed to demonstrate facts sufficient to warrant modification of the parenting plan. The circuit court found that, even assuming the family court erred in concluding that the parenting plan was agreed to by the parties, the family court, nonetheless, followed West Virginia Code § 48-9-206(a) and allocated custodial responsibility "so that the proportion of custodial time the child spends with each parent approximates the proportion of time each parent spent performing caretaking functions for the child prior to the parents' separation[.]" The circuit court did not make specific findings relative to petitioner's request for modification, but it affirmed the family court's ruling on petitioner's request for modification. This appeal followed.

On appeal to this Court, petitioner advances three arguments: first, the family court erred in determining that the parties had reached a permanent parenting agreement as contemplated by West Virginia Code § 48-9-201(a); second, the courts below erred in not properly allocating custody to promote all of the parenting goals set forth in West Virginia Code § 48-9-206; and, third, a substantial change in circumstances existed warranting modification of the family court orders adopting the temporary parenting agreement.

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the circuit court judge under the clearly erroneous

standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 475, 607 S.E.2d 803, 804 (2004).

Petitioner first claims that the parties had not reached an agreement on parenting, as contemplated by West Virginia Code § 48-9-201(a). Petitioner's second assignment of error, which ties in to his first, is that, because no such agreement was reached, the court was required to allocate custody to satisfy all of the parenting goals set forth in West Virginia Code § 48-9-206(a), which it failed to do. West Virginia Code § 48-9-201(a) provides that "[i]f the parents agree to one or more provisions of a parenting plan, the court shall so order[.]" West Virginia Code § 48-9-206(a) provides that

> [u]nless otherwise resolved by agreement of the parents under section 9-201 or unless manifestly harmful to the child, the court shall allocate custodial responsibility so that the proportion of custodial time the child spends with each parent approximates the proportion of time each parent spent performing caretaking functions for the child prior to the parents' separation[,] . . . except to the extent required under section 9-209[2] or necessary to achieve any of the following objectives[.]

(Footnote added.) Several objectives are listed in the statute, but petitioner contends that the lower courts erred specifically in failing to consider the following objectives:

> (4) To protect the child's welfare when, under an otherwise appropriate allocation, the child would be harmed because of a gross disparity in the quality of the emotional attachments between each parent and the child or in each parent's demonstrated ability or availability to meet a child's needs;
>
> . . . .
>
> (6) To avoid an allocation of custodial responsibility that would be extremely impractical or that would interfere substantially with the child's need for stability in light of economic, physical or other circumstances, including the distance between the parents' residences, the cost and difficulty of transporting the child, the parents' and child's daily schedules, and the ability of the parents to cooperate in the arrangement[.]

*Id.* at § 48-9-206(a)(4) and (a)(6).

The circuit court found that

> assuming *arguendo* that the Family Court erred when it found that the parenting plan was agreed to by the parties pursuant to W. Va. Code § 48-9-201(a), the

---

[2]West Virginia Code § 48-9-209 is inapplicable to the resolution of the instant issue.

Family Court nonetheless followed W. Va. Code § 48-9-206 and allocated "custodial responsibility so that the proportion of custodial time the child spends with each parent approximates the proportion of time each parent spent performing caretaking functions for the child prior to the parents' separation."

The circuit court did not abuse its discretion in so finding. The circuit court adopted petitioner's parenting plan with limited exceptions by respondent, and the parties operated under this plan for years. The undisputed evidence is that respondent performed the vast majority of caretaking functions for the children prior to the parents' separation. West Virginia Code § 48-9-206(a) directs that, unless otherwise agreed to by the parties, custodial responsibility be allocated so as to mimic preseparation caretaking, except in those situations where that arrangement fails to achieve any of the enumerated objectives. Petitioner has not argued that his proposed custody arrangement is "necessary to achieve" objectives four or six; rather, he argues that these objectives could be better achieved by adoption of his parenting plan. This argument fails to establish that the circuit court abused its discretion in concluding that the requirements of West Virginia Code § 48-9-206 had been met, even assuming the parties had not reached a parenting agreement.

Petitioner's final assignment of error is that the family court erred in finding that a substantial change in circumstances did not exist to warrant modification of the parenting plan. Petitioner argued that, when he filed his proposed parenting plan in 2012, one of the parties' children was only three weeks old and the other was two years old. Since that time, the children have grown older and have developed a more substantial bond with petitioner. Petitioner also has more employees at his business, which allows him more time away from work to spend with his children. The family court's order found that petitioner failed to establish a change in circumstances because "[e]veryone knew these children were likely to get older. This should not come as a surprise to anyone." This finding was affirmed by the circuit court. Petitioner contends that this conclusion is in contravention of this Court's holding in *Skidmore v. Rogers*, 229 W.Va. 13, 725 S.E.2d 182 (2011).

In *Skidmore*, we held that

West Virginia Code § 48-9-401(a) (2009) permits a court to modify a parenting plan order on the basis of a substantial change in circumstance that arises after the parenting plan order is entered if such change was not provided for in the parenting plan and modification is necessary to serve the best interests of the child.

229 W.Va. at 15, 725 S.E.2d at 184, Syl. Pt. 3. We found that

the plain language of this statute does not prohibit modifications of a parenting plan order simply because the change in circumstance *could have been anticipated* when the order was entered. Rather, it permits modifications of a parenting plan order "on the basis of facts that . . . have arisen since the entry of the prior order and *were not anticipated therein*."

4

*Id.* at 21, 725 S.E.2d at 190 (citation omitted). We also found that a "significant advance in age, which was not provided for in the original parenting plan, is a substantial change of circumstance on which a modification of the parenting plan order may be based." *Id.* An advance in age, however, is not in and of itself a sufficient basis to modify a parenting plan. A party must also establish that "modification is necessary to serve the best interests of the child." *Id.* at 15, 725 S.E.2d at 184, Syl. Pt. 3. The lower courts found that modification was not in the best interests of the children for several reasons. First, petitioner was unaware, for a period of about seven months, that the parties' younger child had changed preschools. Petitioner also failed to bring one of his children to a doctor's appointment on the correct day, despite having been advised of the appointment change and supposedly checking his calendar to ensure that the date worked for him. The family court took issue with petitioner's assertion that it would not present a challenge for him to make a thirty to forty-five minute drive in the morning to get his son to kindergarten in time for breakfast at 7:30 a.m. The family court found that "[t]hese kinds of events, and others, suggest that these boys may be less of a priority than he has led the current guardian to believe." Further, the family court "question[ed] the guardian's conclusion that it is actually in the best interests of these children [to] spend substantially more time with their [f]ather, rather than primarily their [m]other, who has made the children he[r] full-time 'job.'" Thus, because petitioner failed to demonstrate that the modification was in the children's best interest, we find that the circuit court did not abuse its discretion in affirming the denial of petitioner's request for modification.

For the foregoing reasons, we affirm the Circuit Court of Kanawha County's June 23, 2016, order affirming the Family Court of Kanawha County's denial of petitioner's request to modify his parenting time.

Affirmed.

**ISSUED**: October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING, in part:**

Justice Margaret L. Workman