## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Lacy B.,
**Petitioner Below, Petitioner**

**vs.)  No. 22-0128** (Marion County 21-DV-245)

Chase W.,
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lacy B. appeals the January 12, 2022, order of the Circuit Court of Marion County refusing her appeal of the November 24, 2021, order of the Family Court of Marion County, which denied her petition for a domestic violence protective order against respondent Chase W.[1,2] Upon our review, we determine that the family court abused its discretion by failing to make necessary findings of fact and conclusions of law justifying its decision to deny the domestic violence petition, which requires that the decision be vacated. Because this case presents no substantial question of law, we find that it satisfies the "limited circumstances" of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for disposition by a memorandum decision rather than an opinion.

Petitioner filed a domestic violence petition against respondent in the Magistrate Court of Marion County, claiming that respondent sexually assaulted her and that, "[b]efore leaving, [he] put his arm around [her] neck, flexing it, and said he would do this to [her] every night." The Magistrate Court of Marion County entered a domestic violence emergency protective order and scheduled a final hearing on the petition in the Family Court of Marion County.

At the final hearing, petitioner testified that respondent, without her consent, penetrated her with his fingers and his penis, pulled her hair, "choked" her, and "held [her] hands behind [her] back at one point." She asserted that she did not tell him to stop because she "was in shock." She stated that, following the sexual encounter, respondent "took his arm and put it around [her] neck and started flexing it" while the two stood in front of a mirror, telling her that "he would come over and do this to [her] every night," which petitioner claimed put her in fear of respondent.

---

[1] Petitioner appears by counsel Courtney Klus, Molly Russell, and Michael D. Crim. Respondent appears by counsel Christopher M. Wilson.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

Respondent disputed petitioner's claim that the sexual contact was not consensual. He admitted to pulling petitioner's hair and to putting his hands around her throat, testifying, "[S]he made no reason to feel like it felt uncomfortable for her or to feel like I shouldn't have been doing it, so it just felt like it was natural and that's just how things went along." Respondent stated that, after the sexual encounter, they stood up and he "just casually hugged her" while they looked in a mirror and told her that he wished they could "hang out again." He denied having his arm around her neck at any point.

At the conclusion of the hearing, the family court judge told the parties, "I don't think that it was proven in this case that there was a sexual assault . . . , and the main reason for that is the fact that the Petitioner says she never said no and never tried to alert [her] roommate." The family court entered an order on November 24, 2021, denying the domestic violence protective order and terminating the emergency protective order. The family court concluded that the evidence did not show that respondent committed domestic violence, finding that "[t]he testimony presented by both parties indicated that the Petitioner did not tell the Respondent that the contact was unwelcomed" and that "[t]here [was] no evidence that the Petitioner attempted to extricate herself from the situation or notify her roommate of the situation."

Petitioner appealed the family court's decision to the Circuit Court of Marion County, arguing that "[t]he Family Court did not utilize the analysis under W.Va. Code § 61-8B(1) [sic] for 'forcible compulsion' and 'resistance,'" and that "Respondent committed numerous acts of domestic violence during the incident which took place on November 10, 2021, and Petitioner remains in fear of Respondent." By order entered on January 12, 2022, the circuit court refused the appeal.

Petitioner appeals the circuit court's order, repeating the arguments she made to the circuit court.

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Thomas v. Morris*, 224 W. Va. 661, 687 S.E.2d 760 (2009); *cf.* Syl. Pt. 1, *John P.W. ex rel. Adam W. v. Dawn D.O.*, 214 W. Va. 702, 591 S.E.2d 260 (2003) ("Upon an appeal from a domestic violence protective order, this Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.").

First, we address petitioner's argument as to the family court's analysis of her sexual assault allegation. Under West Virginia Code § 48-27-202(4), a person commits domestic violence by "[c]ommitting either sexual assault or sexual abuse as those terms are defined in articles eight-b and eight-d, chapter sixty-one of this code." Petitioner alleges that respondent subjected her to

second-degree sexual assault.[3] West Virginia Code § 61-8B-4(a)(1) provides, in relevant part, that a person is guilty of second-degree sexual assault when that person "engages in sexual intercourse or sexual intrusion with another person without the person's consent, and the lack of consent results from forcible compulsion[.]" West Virginia Code § 61-8B-1(1) explains that forcible compulsion means "[p]hysical force that overcomes such earnest resistance as might reasonably be expected under the circumstances" or "[t]hreat or intimidation, expressed or implied, placing a person in fear of immediate death or bodily injury to himself or herself or another person . . . ." Thus, in determining whether respondent committed domestic violence by committing second-degree sexual assault, the family court was required to make findings as to whether petitioner consented to the sexual contact and, if not, whether the lack of consent resulted from forcible compulsion. The family court did not make a finding as to whether petitioner's lack of consent was the product of forcible compulsion.[4] Without that necessary finding, we cannot determine whether the family court considered forcible compulsion and, ultimately, whether the family court abused its discretion in concluding that respondent did not commit domestic violence. The circuit court abused its discretion by failing to remand the matter to the family court to address this issue.

Regarding petitioner's argument that respondent committed numerous acts of domestic violence aside from the alleged sexual assault, we find a similar infirmity. While most of the acts that petitioner claims constituted domestic violence were part and parcel to the alleged sexual assault, petitioner described one event independent of the alleged sexual assault: the incident in front of the mirror where respondent allegedly put his arm around petitioner's neck. Under West Virginia Code § 48-27-202(2), a person commits domestic violence by "[p]lacing another in reasonable apprehension of physical harm." The family court made no findings as to whether this alleged event occurred as described by petitioner, and if it did, whether it placed her in reasonable apprehension of physical harm. By denying the domestic violence petition without making findings or conclusions as to whether this event constituted domestic violence, the family court abused its discretion. Likewise, the circuit court abused its discretion by failing to reverse the family court's order and remand the case to allow the family court to make the necessary findings and conclusions as to this issue.

To be clear, we are not deciding that the family court's ultimate determination that respondent did not commit domestic violence was incorrect, nor are we suggesting that any additional hearings need to take place. Rather, we simply require entry of a new order by the family court containing the necessary findings of fact and conclusions of law addressing each allegation

---

[3] While the domestic violence petition alleged simply that respondent "sexually assaulted" her, she specifies in this appeal that the assault was second-degree sexual assault. Petitioner does not argue that her evidence established respondent committed either first-degree or third-degree sexual assault or that the family court failed to consider any specific element of either crime.

[4] While the circuit court decided that it was "not satisfied by a preponderance of the evidence that the Respondent used forcible compulsion (W.Va. Code § 61-8B-1) to overcome the Petitioner's resistance," this finding does not cure the problem with the family court's order because the circuit court is not empowered to make de novo findings of fact on appeal from the family court in domestic violence cases. *See* W. Va. Code § 48-27-510(d) (setting forth the circuit court's standard of review in appeals from family court of domestic violence cases).

raised by petitioner such that an appellate court may fully and fairly review the family court's decision should either party choose to pursue an appeal of the decision.[5]

For the foregoing reasons, we reverse the circuit court's January 12, 2022, order and remand the matter to the circuit court with directions to vacate the family court's November 24, 2021, order and remand the matter to the family court.

Reversed and remanded with directions.

**ISSUED:** September 20, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[5] The Court acknowledges that the space for findings of fact on the domestic violence form orders for family courts is limited. Should additional space be needed, family courts are directed to use the "Domestic Violence Continuation Sheet" form available on the Court's intranet and on the Court's website at http://www.courtswv.gov/public-resources/domestic/DVforms/MDVCONT-ContinuationSheet.pdf.

4