# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gregory E.,**
**Respondent Below, Petitioner**

**vs)  No. 16-0780** (Mercer County 15-D-558)

**Roxanna E.,**
**Petitioner Below, Respondent**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gregory E., by counsel Dennie S. Morgan Jr., appeals the Circuit Court of Mercer County's July 20, 2016, order affirming the Family Court of Mercer County's order denying his motion for reconsideration.[1] Respondent Roxanna E., by counsel Robert E. Holroyd, filed a response. On appeal, petitioner argues that the circuit court erred in affirming the family court's denial of his motion for reconsideration without conducting a hearing and without considering his newly discovered evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 12, 2016, the family court entered a "Divorce Order." The order detailed that petitioner was receiving temporary total disability payments amounting to $300 per week and that "[i]t is unclear how long he will be receiving these payments." This order itemized the parties' monthly expenses and determined that petitioner is deficient in the amount of $589.88. The parties agreed that petitioner would retain the marital home, and stipulated that the value of the home was $80,000. After determining the martial equity in the home, petitioner was ordered to pay to respondent her martial share, which amounted to $250 per month for sixty-eight months. Respondent was also awarded certain household items purchased during the parties' marriage. Because they were financed on respondent's credit card, and because respondent had the ultimate responsibility for making payments on that credit card, the family court ordered that she retain those items. The order also awarded to respondent two decretal judgments: one in the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

amount of $1,050, to represent her portion of a 2014 income tax refund, and the other in the amount of $671.50, to represent her portion of petitioner's 401K.

Petitioner appealed this order to the Circuit Court of Mercer County. Petitioner asserted that the family court overvalued the martial home, which resulted in an overvaluation of respondent's marital share. Petitioner also alleged that the circuit court erred in awarding payments of respondent's portion of the equity in the parties' home where the family court recognized the deficiency in petitioner's income. Petitioner took issue with the family court's grant of certain household items to respondent. Although petitioner acknowledged that the items were purchased with respondent's credit card, he asserted that he made payments on the account, but was not attributed any equity in the items. Lastly, he asserted that the family court erred in awarding respondent one-half of her attorney's fees. On May 3, 2016, the circuit court affirmed the family court's "Divorce Order." The circuit court found that the family court's order was "well-explained" and that petitioner had failed to offer any authority establishing that the family court committed clear error or abused its discretion.

Shortly after the circuit court entered its order affirming the "Divorce Order," petitioner filed a "Motion for Reconsideration and Clarification of Order" in the family court. In this motion, petitioner argued that his medical issues were still present and complicating his wage-earning ability, that he had "newly discovered evidence" in the form of an appraisal of the marital home, that the payment to respondent for her share of the marital home was inaccurate as a result of the alleged initial over-valuation, that petitioner made payments on certain household items and should have been awarded equity in them, and that the family court's award to respondent of one-half of her attorney's fees was inequitable. The family court denied petitioner's motion, finding that the circuit court had already affirmed the family court's prior rulings on these issues and that the family court has no authority to overturn the circuit court.[2]

Petitioner appealed the denial of his motion for reconsideration to the circuit court. The circuit court found that petitioner's motion for reconsideration alleges errors very similar to those previously decided by the circuit court, and that the family court committed no clear error or abuse of discretion in denying reconsideration. This appeal followed.

Petitioner asserts on appeal that the lower courts erred in failing to hold a hearing on his motion for reconsideration and in failing to address the issues raised therein. Petitioner specifically takes issue with the courts' failure to address the new appraisal of the marital home and his worsening health issues.

---

[2]The family court also found that motions for reconsideration are intended to be filed prior to the filing of a petition for appeal, rather than after the appeal has been decided. This finding, coupled with its finding that the circuit court already affirmed the "Divorce Order," led the family court to conclude that "it has no basis under which to hear a review of this type." In this appeal, the parties address the propriety of considering a motion for reconsideration subsequent to a petition for appeal; however, because we dispose of this case on other grounds, this issue need not be considered herein.

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

At the outset, we note that, although petitioner asserts that the lower courts erred in failing to hold a hearing on his motion for reconsideration, he has cited no law obligating a court to hold a hearing on such motion. Accordingly, we do not find that the lower courts erred in failing to hold a hearing on petitioner's motion.

West Virginia Rule of Practice and Procedure for Family Court 25 and West Virginia Code § 51-2A-10 permit motions for reconsideration of family court orders in certain instances. One such instance is for "newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision[.]" *Id.* at § 51-2A-10(a)(2). Petitioner contends that the lower courts erred in failing to consider the new evidence of the appraisal and his worsening health issues, but fails to explain how this evidence constitutes newly discovered evidence that "could not have been available at the time the matter was submitted to the court for decision[.]" The "Divorce Order" stated that the parties stipulated to the value of the house. The fact that petitioner later obtained an appraisal is not, in and of itself, sufficient to entitle him to reconsideration of the home's value.

With respect to his worsening health issues, petitioner's motion for reconsideration stated only that petitioner "has extended and substantial medical issues that are still present and further complicating his employment and wage earning situations. He is still very badly injured from a work-place injury and has to undergo surgeries relating to this injury." No additional information is provided, including any explanation as to how these health issues differ from those already considered by the family court. The "Divorce Order" detailed petitioner's temporary total disability payments and the fact that "[i]t is unclear how long he will be receiving these payments." Petitioner's workplace injury was clearly considered by the family court prior to its entry of the "Divorce Order." In his motion for reconsideration, petitioner failed to demonstrate that there was newly discovered evidence relating to his injury that was not available at the time the matter was submitted to the court for decision. Under these circumstances, the lower courts did not err in denying petitioner's motion for reconsideration.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED: September 5, 2017**

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker