**FILED**
**February 1, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**H.F.,**
**Respondent Below, Petitioner**

**vs.) No. 20-0938** (Fayette County 18-D-115)

**E.D.,**
**Petitioner Below, Respondent**


# MEMORANDUM DECISION


Petitioner Mother H.F., by counsel Robert P. Dunlap, appeals the Circuit Court of Fayette County's October 26, 2020, order refusing an appeal from the family court.[1] Respondents E.D. and C.D., paternal grandparents, by counsel Todd Kirby, filed a response in support of the circuit court's order.[2] On appeal, petitioner argues that the family court erred in awarding the respondents party status in the proceedings below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2018, petitioner and her husband, the father of J.D., then two years old, filed for divorce. No other children were born of their marriage. Due to concerns of drug abuse by the parents, the Fayette County Family Court entered a temporary order on April 20, 2018, placing the child in the care of the respondents, the paternal grandparents, and directed petitioner and the father to submit to drug and alcohol screens biweekly.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Although only petitioner grandfather E.D. is listed in the style of this case, grandmother C.D. is also a petitioner on appeal.

In November of 2018, respondents filed a motion with the circuit court seeking guardianship of the child. At a hearing on the motion held later that month, petitioner and the respondents represented to the family court that they had reached an agreement as to custody and parenting time of the child. The family court heard the terms of the agreement, found the same to be reasonable, and entered an order accepting the agreement and setting forth the agreement's terms.

Several months later, in March of 2019, the family court held another hearing on the matter. Petitioner and the respondents advised the family court that they "reached a full and complete agreement" regarding custody and care of the child. The family court noted that petitioner was allocated primary custodial and decision-making responsibilities for the child and that the respondents would have "two (2) overnights per week for visitation" with the child. Additionally, the father would have two hours of visitation per week with the child. The family court memorialized these findings in an agreed final order entered on May 20, 2019.

In March of 2020, the family court held another hearing as a result of the parties' agreed desire to modify the prior agreed final order. Pursuant to the agreement, the father's visitation time was consolidated into a longer visit once per month and the respondents would have three consecutive overnights with the child, with petitioner having custody of the child the remainder of the time. The family court memorialized the agreement in a March 31, 2020, final order, and found that the agreement was made knowingly, voluntarily, and free from duress.

The respondents filed a petition for contempt against petitioner in May of 2020, alleging that she was refusing to allow visitation between the child and the respondents as set forth in the final order. A hearing on the petition for contempt was held in September of 2020. The family court found that petitioner's actions were non-contemptuous given the circumstances created by the COVID-19 pandemic and respondent C.D.'s active employment as a front-line health care worker, but ordered that the lost time with the child be added to respondents' next scheduled visits. Relevant to this appeal, as part of the findings of fact, the family court noted that the respondents "stepped into the shoes" of the father and had been granted party standing pursuant to West Virginia Code § 48-9-103 and § 48-9-206.

In October of 2020, petitioner filed an appeal of the family court's order in the Fayette County Circuit Court, arguing that the family court erred in finding that the respondents had "party status" in the matter. The circuit court denied petitioner relief, finding that the only issue before the family court was the respondents' petition for contempt. On that single issue, the circuit court found that the family court did not err in finding that petitioner was not in contempt of the final order. The circuit court found that, even if the respondents' standing had been at issue before the family court, the family court properly exercised its discretion in finding that the respondents have a right to be notified and participate as a party in this action. The circuit court noted that West Virginia Code § 48-9-103(a)(3) specifically provides that "persons who were parties to a prior order establishing custody and visitation . . . have a right to be notified of and participate as a party in an action filed by another." The circuit court concluded, therefore, that the respondents "most certainly have a right to participate in this action." Lastly, the circuit court noted that the appeal of the contempt order was not the proper avenue to contest any previously agreed upon custodial

arrangement or visitation schedule and stated that if petitioner desired to seek a modification of the custody arrangement set forth in the final order, the proper way to do so would be by filing a petition for modification in the family court. Petitioner appeals the circuit court's October 26, 2020, order affirming the family court's order and denying petitioner relief.

Our standard of review of the circuit court's order is well established:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syllabus, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner argues that the family court erred in allowing the respondents to "step into the shoes" of the father and awarding them party status in the matter. According to petitioner, the family court's ruling is unfounded as there is no statutory provision that would allow the respondents to reap the rewards of parental standing in the case, including the ability to seek custody modification. Petitioner argues that awarding the respondents party status infringes upon her right to raise and direct the upbringing of her child, and that she is the best caretaker for the child and has not been proven unfit. Petitioner notes that, pursuant to West Virginia Code § 48-10-401(b), "[a] grandparent moving for an order of visitation will not be afforded party status" and cites to caselaw wherein this Court held that a family court erred in ordering grandparent visitation. We find that petitioner is entitled to no relief.

As noted by the circuit court, the issue of the respondents' status in these proceedings was not at issue in the contempt hearing. Rather, the family court's finding that the respondents were previously awarded party status was simply a finding of fact regarding the procedural history of the case. Nevertheless, the circuit court found that the family court did not err in awarding the respondents party status, and we agree.

Pursuant to West Virginia Code § 48-9-103,

Persons who have a right to be notified of and participate as a party in an action filed by another are:

. . . .

(3) Persons who were parties to a prior order establishing custody and visitation, or who, under a parenting plan, were allocated custodial responsibility or decision-making responsibility.

Here, the record is clear that respondents were granted placement of the child in April of 2018, due to the parents' drug abuse. Over the course of the next two years, the family court entered several orders wherein petitioner and the respondents agreed as to visitation and modifications

3

thereof between the child and the respondents. Indeed, the final order set forth that petitioner agreed that the child would stay with the respondents every Thursday evening until Sunday. Accordingly, it is clear that at the time of the contempt hearing, the respondents were persons who were parties to prior orders establishing custody and visitation. As such, the family court did not err in affording the respondents party status during the proceedings below.[3]

To the extent petitioner cites to caselaw regarding grandparent visitation and takes issue with the visitation granted to the respondents, we find no error. The record establishes that, following the temporary order placing the child in the respondents' care, every subsequent order regarding custody of, parenting time with, and visitation with the child was an agreed order between petitioner and the respondents. In short, petitioner knowingly, freely, and voluntarily acquiesced to a visitation schedule between the respondents and the child in these custody proceedings, and any alleged error in the family court's acceptance of their agreement and granting the respondents visitation is invited error. Syl. Pt. 2, *Hopkins v. DC Chapman Ventures, Inc.*, 228 W. Va. 213, 719 S.E.2d 381 (2011) ("A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal."). As noted by the circuit court, if petitioner desires to modify the custody and visitation schedule set forth in the final order, she needs to file a petition for modification in the circuit court.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 26, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: February 1, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

---

[3]While the family court found that the respondents "stepped into the shoes" of the father, the record reveals that the father is very much still involved in this matter. However, we find no error in this verbiage under the limited circumstances of this case given the respondents' clear right to participate as a party in this action.