# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ANDREW W.,**
**Petitioner Below, Petitioner**

**FILED**
**February 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 22-ICA-62** (Fam. Ct. Clay Cnty. No. FC-08-2019-D-23)

**SHEYANNE H.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Andrew W.[1] appeals the Order Granting Petition for Modification entered by the Family Court of Clay County on August 8, 2022. Andrew W. asserts, inter alia, that the family court erroneously reduced his parenting time. Respondent Sheyanne H. did not submit a response.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Andrew W. and Sheyanne H. share one child, age three. The parties were divorced by order entered January 10, 2020. Pursuant to the divorce order, Sheyanne H. was designated the primary residential parent and Andrew W. was granted one supervised two-hour visit per week. Andrew W. was also required to schedule and attend an intake with a mental health provider to evaluate his medication usage and mental health. The family court scheduled two follow-up hearings, on June 4, 2020, and November 5, 2020, to determine whether additional parenting time for Andrew W. would be warranted.[3] After

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] In this appeal, neither party is represented by counsel.

[3] At the November 5, 2020 hearing, a representative from Child Protective Services ("CPS") testified about the contents of Andrew H.'s parental fitness evaluation. Andrew H. appealed to the Clay County Circuit Court because he had not been provided a copy of

three hearings in family court, Andrew W.'s parenting time was established at two hours of supervised visitation per week.

Sheyanne H. filed a petition for modification[4] requesting that Andrew W.'s parenting time be reduced because Andrew W. regularly terminated his two-hour visits early. The family court entered its order on August 8, 2022, wherein it found that Andrew W. regularly terminated his visits early, failed to encourage the minor child to bond with him, failed to attend weekly psychotherapy sessions as was required at the November 5, 2020 hearing, and failed to obtain a psychiatric consultation for mental health management. Accordingly, the family court reduced Andrew W.'s parenting time to ninety minutes per week. It is from the August 8, 2022, order that Andrew W. appeals. Our standard of review in this matter is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Andrew W. asserts that the family court erred by decreasing his parenting time and makes these arguments in support of his claim. First, he contends that the family court took away his basic human right to present evidence at the hearing and participate in caring for his child. Second, he asserts that the family court erred by considering evidence presented by a third party.[5] Third, he contends that the family court did not consider evidence about child abuse stemming from the child's maternal grandmother. We disagree.

---

the evaluation beforehand. The Clay County Circuit Court reversed and remanded the matter back to family court to conduct a full hearing on the issue of parenting. At the hearing on remand, Andrew W. was granted two hours per week visitation.

[4] The filing date of the petition for modification was not provided in the record.

[5] Andrew W. does not specifically state what third party evidence was considered in error. Based on the record, it appears he is likely referring to CPS's presentation of his parental fitness evaluation at the November 5, 2020 hearing.

Upon review of the record, we conclude that Andrew W. failed to establish error or abuse of discretion by the family court. The family court considered the testimony of the parties as well as three witnesses, and properly found that "[Andrew W.'s] legal arguments lack[ed] merit." On appeal, Andrew W.'s brief merely consists of self-serving statements relating to his displeasure with the proceedings below, coupled with unsubstantiated allegations of abuse and neglect. Andrew W. also fails to cite any statutory authority or precedent to support his arguments as required by Rule 10 of the Rules of Appellate Procedure. As such, we find no basis in law to warrant relief.

Accordingly, we affirm the family court's August 8, 2022, order.

Affirmed.

**ISSUED:** February 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

3