# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JACKSON E.,**
**Petitioner Below, Petitioner**

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-283** (Fam. Ct. Kanawha Cnty. No. 19-D-1112)

**OLGA E.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jackson E.[1] appeals the "Second Final Order on Contempt" entered by the Family Court of Kanawha County on November 4, 2022. Jackson E. asserts that the family court erroneously held him in contempt and provided him no opportunity to purge.[2] Respondent Olga E. filed a response in support of the family court's ruling. Jackson E. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the family court's decision is affirmed, in part, reversed, in part, and remanded to the family court with directions set forth herein.

Jackson E. and Olga E. are divorced and share four children: M.E., age eighteen; C.E., age sixteen; T.E., age thirteen; and B.E., age twelve. Jackson E. was granted primary custody of M.E. and C.E.; Olga E. was granted primary custody of T.E. and B.E. Jackson E. filed a petition for modification of the parenting plan in August 2020. Hearings on the petition for modification were held on July 30, 2021, and August 4, 2021. By order entered

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Jackson E. is represented by Erica Lord, Esq. Olga E. is self-represented.

1

August 31, 2021, Jackson E. was ordered, in part, to do the following:[3] (1) enroll M.E. and C.E. in after-school tutoring and/or summer school if they receive below a C-average in any class, (2) prohibit M.E. and C.E. from working if they receive below a C-average in any class, (3) take M.E. and C.E. to reunification therapy and individual therapy sessions, and (4) attend weekly therapy for narcissism and domestic violence.

In late 2021 or early 2022, Olga E. filed a petition for contempt against Jackson E., wherein she alleged that both M.E. and C.E. failed classes, that C.E. had a job, that both M.E. and C.E. missed multiple therapy sessions, and that Jackson E. had failed to attend his court-ordered therapy sessions. By order entered February 10, 2022, the family court found Jackson E. to be in contempt of its prior order based on the following: (1) his failure to arrange tutoring for M.E. and C.E., (2) his failure to prohibit C.E. from working while having failing grades, (3) his failure to ensure that M.E. and C.E. attended therapy sessions, and (4) his failure to ensure that the children attended school regularly. This order also mandated that Jackson E. either file incorrigibility petitions against M.E. and C.E in circuit court, or secure youth services for the children through the West Virginia Department of Health and Human Resources ("WVDHHR"). Jackson E. was also ordered to post a $5,000 cash bond as surety for his future compliance with the court's orders.

When Jackson E. did not comply with any of the family court's orders, Olga E. filed a second petition for contempt on August 9, 2022. In that second petition, she alleged that: (1) C.E. was failing classes and not receiving tutoring, (2) neither M.E. nor C.E. were attending school regularly, (3) M.E. and C.E. were missing weekly therapy sessions, and (4) Jackson E. had generally failed to follow the court's orders. In support of her claims, Olga E. provided copies of school attendance records, as well as therapy records which showed that sessions were regularly cancelled by Jackson E.

A hearing on the second petition was held on October 11, 2022. By order entered November 4, 2022, the court found that Jackson E. was in contempt by virtue of: (1) his failure to secure tutoring for M.E. and C.E., (2) his failure to seek youth services for M.E. and C.E. after his attempt to file an incorrigibility petition was unsuccessful, (3) his failure to make sure the children attended school regularly, and (4) his failure to make the children attend weekly therapy. That same day, the family court entered a separate order releasing the $5,000 bond to Olga E. and ordering Jackson E. to post an additional $7,500 cash bond within thirty days to ensure future compliance with the court's orders. It is from the November 4, 2022, order that Jackson E. now appeals.

For family court appeals, we are guided by the following standard of review:

---

[3] In that order, Jackson E. was given additional directives by the family court, which are not relevant to this appeal.

"In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Jackson E. raises several assignments of error. We will address each of these in turn. First, Jackson E. argues on appeal that the family court erred when it made findings of fact and rulings that were outside the scope of the petition and then failed to include those findings and rulings in its written order. We disagree. After reviewing the recording of the October 11, 2022, hearing, it is clear that the family court was simply engaging in conversation with the parties, and those exchanges did not include any findings of fact or rulings.

In his second assignment of error, Jackson E. contends that the family court erred in finding that he was in contempt for C.E.'s school absences when the evidence presented showed that Jackson E. had been working to correct C.E.'s behavior. Again, we disagree. The record reflects that Jackson E. failed to follow any of the court's instructions with regard to C.E. While Jackson E. testified that he unsuccessfully attempted to file incorrigibility petitions against M.E. and C.E., he failed to make any effort to secure youth services for the children through the WVDHHR. Jackson E. also failed to obtain tutoring for C.E. as required by the court. Therefore, we find that the family court did not err by holding Jackson E. in contempt.

Jackson E. next argues that the family court erred in finding him in contempt for M.E.'s excessive school absences because M.E. had reached the age of majority when the contempt petition was filed. Once again, we disagree. Our review of the record shows that M.E. turned eighteen on September 28, 2022, and that Olga E.'s petition was filed on August 9, 2022.

Lastly, Jackson E. contends that the family court erred in ordering him to pay a $7,500 cash bond as surety for a future finding of contempt and failing to direct him on how to purge said contempt. We agree.

For contempt matters that do not involve domestic violence protection orders, a family court judge may enforce compliance with their orders by using remedial or coercive sanctions designed to compensate a complainant for losses sustained and to coerce obedience for the benefit of the complainant. Sanctions must give the contemnor an opportunity to purge himself or herself. Further, in selecting sanctions, the court must use

the least possible power adequate to the end proposed. *See* W. Va. Code § 51-2A-9(b) (2012).

By contrast, for contempt matters which stem from violations of domestic violence protections orders, family courts are required to utilize the sanctions available under West Virginia Code § 48-27-901(c) (2010), which provides:

Upon a finding of contempt, the court may order the violator to comply with specific provisions of the protective order and post a bond as surety for faithful compliance with the order. The bond may not be a personal recognizance bond and shall be in an amount that does not exceed the ability of the violator to post. The bond may not be waived by a fee waiver pursuant to the provisions of section one, article two, chapter fifty-nine of this code.

In the case *sub judice*, the family court's application of West Virginia Code § 48-27-901(c) was erroneous because the contempt petition before it stemmed from a custody modification rather than a domestic violence protection order. The family court should have held Jackson E. in contempt under § 51-2A-9(b) and provided an opportunity to purge said contempt. If Jackson E. then failed to purge the contempt, the family court would have the discretion to order Jackson E. to pay $7,500 to Olga E. as a monetary sanction. Because Jackson E. was held in contempt pursuant to § 48-27-901(c), the cash bond could potentially sit untouched in perpetuity if no contempt is committed in the future.

Accordingly, as to the family court's order entered on November 4, 2022, we affirm the family court's ruling with respect to Jackson E.'s first three assignments of error, but reverse the family court's imposition of the $7,500 cash bond. Therefore, we remand this matter to the family court with direction to enter an order for the immediate return of the $7,500 bond to Jackson E. The clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen