# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**EVAN C.,**
**Respondent Below, Petitioner**

**vs.) No. 23-ICA-73**          (Fam. Ct. Kanawha Cnty. No. 21-D-254)

**ALI C.,**
**Petitioner Below, Respondent**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Evan C.[1] appeals the Family Court of Kanawha County's January 30, 2023, order which denied his petition for modification, wherein he requested that the minor children attend school in his residential district rather than the district of Ali C. Respondent Ali C. filed a timely response in support of the family court's decision.[2] Evan C. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Evan C. and Ali C. were divorced by order entered on May 26, 2021. The parties share two minor children, L.K.C., age five, and L.A.C., age four. After the divorce, Evan C. relocated to Hurricane, West Virginia (Putnam County), and Ali C. continued to reside in the former marital home located in Glasgow, West Virginia (Kanawha County). The parties' divorce order incorporated an agreed parenting plan, wherein Ali C. was the designated primary residential parent, Evan C. had parenting time one day each week and every other weekend, and the parties had shared decision-making. Due to Evan C.'s

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Evan C. is represented by Scott L. Summers, Esq. Ali C. is represented by D. Scott Tyree, Esq.

rotating work schedule, the parties did not include exact days in the agreed parenting plan but stated that they would "agree to do their best to work together to make it happen."

The parties were unable to make their agreed parenting plan work as anticipated. Therefore, approximately nine months after the divorce was finalized, on February 25, 2022, Evan C. filed a petition to modify the parenting plan. In his petition for modification, Evan C. alleged that Ali C. unjustifiably withheld parenting time, as well as removed Evan C.'s name as an authorized person to get the children's medical records and replaced it with her boyfriend's name, which constituted a substantial change in circumstances. In her response to the petition for modification, Ali C. denied the allegations and stated that Evan C. historically had been uninvolved in the children's medical care. The parties attended mediation on August 16, 2022, and were able to reach an agreement as to parenting time and which pediatrician the children would see. However, the parties failed to reach an agreement on where the children would attend school.[3] Based upon the new parenting agreement reached in mediation, the parties settled on a two-week rotating schedule, as follows:

1. Week 1—Father shall have parenting time on Thursday from 4:00 p.m. to Friday at 7:30 p.m. Mother shall have all other time not designated for Father.
2. Week 2—Father shall have Monday from 4:00 p.m. to drop off at school on Tuesday morning. Father shall also have from 4:00 p.m. on Thursday to 5:00 p.m. on Sunday. Mother shall have all other time not designated for Father.

The final hearing on Evan C.'s petition for modification was held on January 12, 2023. At the hearing, the parties put their new parenting agreement on the record. Evan C. presented evidence in favor of West Teays Elementary, and Ali C. presented evidence in favor of Cedar Grove Elementary. A final order was entered on January 12, 2023, which incorporated the parties' custody/pediatrician agreement and stated that an order on the school issue would be entered separately. The final order regarding which school the children would attend was entered on January 30, 2023, wherein the family court ruled that it would be in the children's best interest to attend school at Cedar Grove Elementary in Ali C.'s residential district. It is from the January 30, 2023, order that Evan C. now appeals.

Our standard of review in this matter is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

---

[3] Evan C. raised the school issue for the first time during mediation.

*Amanda C. v. Christopher P.*, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Evan C., in a single assignment of error, asserts that the family court erred when it held that it would be in the children's best interest to attend school in Ali C.'s district. He further asserts that the family court erroneously made its determination based on travel time to and from school rather than a statistical analysis of which school district performed better and provided the best opportunities for children. We disagree.

The record reflects that the family court heard extensive testimony from both parties concerning which school district was a better fit for the children's needs, thoughtfully analyzed all factors of consideration before it, and held that "both schools are safe and adequate to meet student needs." Ultimately, the family court decided that, because the children reside with Ali C. seven out of ten school days under the parties' agreed parenting plan, the children should attend school in Ali C.'s school district. Further, the evidence established that Ali C. lives less than one mile from Cedar Grove Elementary and has family living nearby. On the other hand, the family court noted, if the children attended school in Putnam County, Ali C. would be required to drive anywhere between thirty-five to forty-five minutes each way to take them to and from school, which would interfere with the children's sleep and homework routines.

Based on the foregoing, we find that the family court properly considered the conflicting testimony and was in the best position to evaluate the information presented by each party. See *State v. Guthrie*, 194 W. Va. 657, 669 n.9 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). *See also In interest of Tiffany Marie S.*, 196 W. Va. 223, 231, 470 S.E.2d 177, 185 (1996) (A reviewing court may not overturn a family court's finding simply because it would have decided the case differently).

Accordingly, we affirm the family court's January 30, 2023, order.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

3