# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**January 12, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ASHLEY M.,**
**Respondent Below, Petitioner**

**vs.)  No. 23-ICA-123**          (Fam. Ct. Hancock Cnty. No. FC-15-2019-D-85)

**EDWARD Z.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ashley M.[1] appeals the Family Court of Hancock County's February 24, 2023, March 24, 2023, and March 30, 2023, orders which collectively awarded Respondent Edward Z. $17,848.50 in attorney's fees. Edward Z. filed a response in support of the family court's order.[2] Ashley M. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

Ashley M. and Edward Z. are divorced and share one child, E.Z. Prior to the issues which led to this appeal, the parties shared a week-on/week-off custody arrangement. On March 19, 2021, E.Z. was injured while skating and informed Ashley M. that Edward Z. expressed anger about the injury and warned E.Z. not to inform Ashley M. about her injury. E.Z. told Ashley M. that she would like to talk to a counselor because she was afraid of Edward Z.'s anger. Ashley M. contacted E.Z.'s school counselor, who later informed Ashley M. that E.Z. alleged significant and specific physical abuse by her father and had attempted to harm herself. The school counselor, as a mandatory reporter, contacted Child

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Ashley M. is represented by Andrew Beatty, Esq. Edward Z. is represented by Sherrilyn F. VanTassel, Esq.

1

Protective Services ("CPS"), which set up a forensic interview for June 10, 2021. During her forensic interview, E.Z. again disclosed physical abuse. Edward Z. agreed to have no visitation with E.Z. during the investigation process.

On July 6, 2021, Ashley M. filed a domestic violence petition against Edward Z. on behalf of E.Z. As grounds for her petition, she alleged physical abuse and threats of harm to E.Z. by Edward Z., concern of E.Z. harming herself if visitation with Edward Z. were enforced, and threats by Edward Z. towards Ashley M.

Ultimately, CPS did not substantiate the alleged maltreatment of E.Z. but the agency recommended that E.Z. begin trauma therapy. Ashley M., E.Z.'s maternal grandfather, and Ashley M.'s husband reported to CPS that they were surprised about the abuse that E.Z. disclosed because, although Edward Z. had threatened physical harm to Ashley M. in the past, they never feared that he would abuse E.Z.

The final domestic violence hearing was scheduled for October 25, 2021, but the parties agreed to terminate the domestic violence petition in lieu of an agreed temporary custody order, which would allow Edward Z. to return to work in full capacity as a law enforcement officer. The temporary custody order held that Ashley M. was the primary residential parent and that Edward Z.'s only contact with the child would be through her therapist.

A status conference was held on December 13, 2021. Subsequently, in February of 2022, Edward Z. filed a proposed parenting plan and supporting documents, as well as interrogatories and a motion to compel discovery. At that time, Ashley M. was in the process of obtaining new counsel and had filed a motion for additional time to respond to Edward Z.'s discovery requests.

On February 17, 2022, the family court held a pretrial conference, during which it granted Edward Z.'s motion to compel and gave Ashley M.'s new attorney until February 25, 2022, to respond to Edward Z.'s discovery requests. In its February 17, 2022, order, the family court noted that Edward Z.'s attorney had made an oral claim for attorney's fees and held that the issue would be addressed "at the conclusion of the proceeding on substantive matters set for trial." The parties filed an agreed parenting plan on April 19, 2022, wherein they agreed to an alternating weekly schedule with shared decision-making.

On April 19, 2022, the family court entered an order setting forth the timeline by which the parties would file documentation regarding Edward Z.'s request for attorney's fees. Edward Z. submitted a memorandum in support of his request for attorney's fees and based his argument on Rule 11 of the West Virginia Rules of Practice and Procedure for

Family Court[3] and West Virginia Code § 48-9-209(d) (2022).[4] Counsel for Ashley M. submitted a memorandum opposing the award of attorney's fees.

On February 24, 2023, the family court entered a final order granting Edward Z.'s request for attorney's fees under Rule 11 of the Rules of Practice and Procedure for Family Court for all services rendered between December 13, 2021, and March 25, 2022. The attorney's fees were awarded based on Ashley M.'s "willful failure to make diligent inquiry to the end of resolving this matter by agreement earlier than March 25, 2022 (when the parenting agreement was signed)" and the family court further held that Ashley M.'s behavior satisfied the "standard of clear and convincing evidence."

On March 23, 2023, Edward Z. filed a motion for reconsideration, wherein he requested additional attorney's fees. The family court entered its first order on March 24, 2023, granting Edward Z.'s original request for attorney's fees in the amount of $7,848.50. A second order was entered on March 30, 2023, granting Edward Z.'s motion for

---

[3] Rule 11 of the Rules of Practice and Procedure for Family Court requires, in part, that: (1) a party will not advocate for an improper purpose or to cause unnecessary delay; (2) a party's allegations have or will have evidentiary support; and (3) the violating party will receive notice and have an opportunity to respond to the allegations. More specifically, Rule 11(c)(1) states that a motion for sanctions shall: (1) be made separately from other motions; (2) describe the specific violating conduct; and (3) be served as provided in Rule 5 of the Rules of Civil Procedure but shall not be filed with the court unless the violation is not corrected within 21 days after service of the motion. Further, Section (c)(2) states that "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct. . . ." Lastly, Section (d) states that this rule does "not apply to discovery requests, discovery responses, discovery objections, and discovery motions."

[4] West Virginia Code § 48-9-209(d) states:

If the court determines, based on the investigation described in part III of this article or other evidence presented to it, that an accusation of child abuse or neglect, or domestic violence made during a child custody proceeding is false and the parent making the accusation knew it to be false at the time the accusation was made, the court may order reimbursement to be paid by the person making the accusations of costs resulting from defending against the accusations. The reimbursement may not exceed the actual reasonable costs incurred by the accused party as a result of defending against the accusation and reasonable attorney's fees incurred.

reconsideration for an additional $10,000 in attorney's fees, for an aggregate total of $17,848.50. It is from those orders that Ashley M. now appeals.

Our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Ashley M. raises one assignment of error. She asserts that the family court erred when it determined that she acted in bad faith by clear and convincing evidence and that her behavior warranted the award of Edward Z.'s attorney's fees. In support of her assignment of error, Ashley M. asserts that she did not act in bad faith, that Rule 11 is inapplicable because it was not followed by Edward Z. or the family court, and that the family court failed to consider the reasonableness of the requested attorney's fees before issuing its orders. Upon review, we find that Ashley M.'s arguments have merit.

We find that the family court's award of attorney's fees (expressly based upon Rule 11) was improper because the procedures in Rule 11 were not followed. Rule 11 requires that a motion for sanctions be made separately, describe the violating conduct, and be served upon the violating party. Additionally, the violating party shall have twenty-one days to correct the behavior. If the violating behavior is not corrected within twenty-one days, the motion may be filed with the family court. Here, none of those actions were taken. *See* W. Va. R. Prac. & Proc. Fam. Ct. 11.

Accordingly, we vacate the family court's February 24, 2023, March 24, 2023, and March 30, 2023, orders, as the procedural requirements of Rule 11 of the West Virginia Rules of Practice and Procedure for Family Court were not followed. This matter is remanded for the family court to conduct further proceedings consistent with this decision.

Vacated and Remanded with Directions.

**ISSUED:** January 12, 2024

4

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear