IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 23, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LINDSEY B.,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-455**        (Fam. Ct. Monongalia Cnty. No. 17-D-301)

**JOSHUA B.,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Lindsey B.[1] ("Mother") appeals the Family Court of Monongalia County's September 11, 2023, order denying her motion for reconsideration of its August 11, 2023, custody modification order granting Respondent Joshua B. ("Father") additional parenting time. Joshua B. did not participate in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the family court's decision is affirmed, in part, and remanded, in part, to the family court with directions as set forth herein.

The parties were divorced by order entered on February 28, 2018. They share two minor children, namely, B.B., born in 2012, and L.B., born in 2014. At the time of the divorce, Mother resided in West Virginia and Father relocated to Connecticut. The family court designated Mother as the primary residential parent and Father was ordered to pay $711.39 per month in child support. Father was granted parenting time during the children's spring break during even years, Thanksgiving during odd years, Christmas break during even years, and several weeks each summer. Father was also ordered to undergo a mental health evaluation within thirty days of the entry of the parenting plan.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Lindsey B. is represented by James A. Clark, Esq.

The parties operated under the family court's parenting plan until June of 2022 when the children visited with Father during their summer break. The parties agreed that the children would be returned to Mother on July 25, 2022, but Father failed to return them and filed a petition for an emergency *ex parte* order modifying custody on July 15, 2022, in Connecticut. A hearing in Connecticut was scheduled but the Monongalia County Family Court entered an order on October 19, 2022, stating that jurisdiction would remain in West Virginia.

On August 25, 2022, Mother filed a petition for contempt wherein she alleged that Father failed to pay child support, failed to return the children as agreed upon, and failed to obtain his mental health evaluation, among other allegations. On September 19, 2022, Father filed a petition for modification wherein he requested to be designated the primary residential parent and for jurisdiction to be transferred to Connecticut. A hearing was held in the Monongalia County Family Court on both petitions on October 19, 2022.

At the October 19, 2022, hearing, Father was ordered to return the children to Mother within three days, a final hearing was scheduled for February 8, 2023, and the children were appointed guardians ad litem ("GAL").[3] At the February 8, 2023, hearing, the GALs recommended that Father be designated as the primary residential parent. On or about April 19, 2023, the GALs provided a supplemental report, again recommending that Father be the primary residential parent. On or about August 10, 2023, the supervising attorney GAL provided a second supplemental report no longer recommending that the parenting plan be modified to designate Father as the primary residential parent.

The parties, by counsel, attempted to negotiate a parenting plan but were unable to reach an agreement. The final hearing was held on August 11, 2023. At that hearing, the GAL recommended that Mother remain the primary residential parent. However, the GAL also recommended that Father have additional parenting time during summers and holidays, and that he receives additional communication time with the children when they are with Mother. According to the record, the parties agreed that Father would speak to the children on Wednesdays from 6:30-7:30 p.m. The family court also recommended that the parties move closer to a 50-50 arrangement with Father having parenting time every Thanksgiving break, every spring break, and all but one week during summer. Father agreed to the family court's suggestion, but Mother objected.

In an August 11, 2023, modification order, the family court stated that the parties had reached an agreement to expand Father's parenting time. The modification order preserved Mother's primary custodian status. However, it assigned Father parenting time for all Thanksgiving, spring, and summer breaks. The order also allowed Father up to seven days of parenting time whenever he is in West Virginia. The family court observed that this

---

[3] The GALs were identified as two students at West Virginia University College of Law and one supervising attorney.

arrangement was as close to a 50-50 parenting plan as was practical, considering the distance between the parties.

On September 7, 2023, Mother filed an objection to the final order and a motion for reconsideration, citing the parties' lack of an agreement. The family court entered an order denying the motion for reconsideration on September 11, 2023, wherein it stated that while an objection occurred to the modification giving additional time given to Father, the objection did not concern spring break or Thanksgiving, which led the family court to believe that an agreement existed. The family court also noted that during the final hearing, the GAL recommended expanding Father's parenting time during summers and holidays.

Moreover, the family court cautioned Mother that she nearly lost primary custody of the children, and that a substantial change in circumstances had, in fact, occurred. The family court noted that the children were incontinent when the petition for modification was made by Father; that their son inappropriately touched his stepsister and possibly his sister; that a man who resided with Mother had his own children removed by court order; that Mother's childcare provider was her sister who also had her children removed by court order; and that Mother only recently obtained employment despite the children being school aged. The family court emphasized that Father has maintained steady employment, that he is in a stable relationship, and that he resides in a nice home. It is from the September 11, 2023, order that Mother now appeals.

For these matters, we apply the following standard of review:

> In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*. Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother raises four assignments of error. We will address the first two assignments of error together. First, Mother asserts that the family court erred in using a nonexistent agreement between the parties as a basis to modify custody. Second, Mother contends that, because there was no agreement between the parties, the family court lacked authority to modify the parenting plan and that it failed to provide an appropriate analysis to support a custody modification.

Upon review of the record, it is evident that the parties did not reach an agreement. However, the family court found that a substantial change of circumstances had occurred

and provided a detailed analysis surrounding the change in circumstances in its September 11, 2023, order.

West Virginia Code § 48-9-401(a) (2022) provides that:

[A] court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

Under this statute, in order to establish a change in circumstances sufficient to justify modifying a parenting plan, a party must establish three criteria: (1) that the facts relevant to the alleged change in circumstance were not "known" or "anticipated," (2) that the change regarding the child or one or both parents was substantial, and (3) that a modification of the plan is necessary in order to serve the best interests of the child. *Jared M. v. Molly A.*, 246 W. Va. 556, 561, 874 S.E.2d 358, 363 (2022). In determining whether changes were anticipated, the question is not whether they *could* have been anticipated, but whether they *were* in fact anticipated and provisions were already made for such potential changes in the parenting plan. *Skidmore v. Rogers*, 229 W. Va. 13, 21, 725 S.E.2d 182, 190 (2011).

In the present case, we cannot conclude that the family court's finding of a substantial change in circumstances was clearly wrong or the application of the law to the facts was an abuse of discretion with regard to Mother's assignments of error on this issue. Even without a custody agreement between the parties, the family court was within its authority to modify the parenting plan upon its finding of a substantial change in circumstances.

Next, Mother contends that the family court erred by relying on proffered factual allegations presented by student GALs and that those proffered statements were unproven, incomplete, questionable, biased, irrelevant, and later recanted. Upon review, we find that this argument lacks merit. In its September 11, 2023, order, the family court states on page three, "[b]ut for the change in the GAL's position, it is quite possible the Court would have awarded custody to the [F]ather." Thus, even if the student GAL's statements were lacking, the family court ruled that Mother would continue as the primary care provider of the children which was recommended in the GAL's final recommendation. While Father's parenting time was increased, we cannot say Mother was substantially prejudiced by the GAL's recommendation. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error).

4

Lastly, Mother asserts that the family court, when ruling on custody, failed to address Mother's petition for contempt, which included allegations implicating multiple limiting factors that are outlined in West Virginia Code § 48-9-209 (2022).[4] Upon review of Mother's petition for contempt, we agree. In Mother's petition, she asserted that Father: (1) owed $7,000 in past due child support; (2) failed to return the children after the conclusion of his summer break parenting time; (3) made false allegations against Mother to convince the court in Connecticut to enter an *ex parte* order; (4) refused to allow the children to speak with Mother by telephone; (5) made disparaging remarks to the children about Mother; (6) failed to participate in the children's therapy or undergo his own mental health evaluation; and (7) failed to provide the children with necessary medications. We conclude that the family court erred when it failed to expressly address Mother's petition for contempt. Therefore, we remand this case with directions for the family court to consider and rule upon Mother's contempt petition.

Accordingly, we affirm, in part, and remand with directions the family court's September 11, 2023, order.

Affirmed, in part, and Remanded, in part, with directions.

**ISSUED:** May 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[4] West Virginia Code § 48-9-209 provides a non-exclusive list of factors which family courts must consider when approving or implementing a parenting plan.